In re the Commitment of Shawn Virlee:

State of Wisconsin, Petitioner-Respondent,

v.

Shawn Virlee, Respondent-Appellant.†

Court of Appeals

*No. 02–0046. Submitted on briefs November 25, 2002.—Decided December 10, 2002.*

2003 WI App 4

(Also reported in 657 N.W.2d 106.)

† Petition to review denied 2-19-03.

718

720

On behalf of the respondent-appellant, the cause was submitted on the briefs of *Jack E. Schairer*, assistant state public defender of Madison.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Diane M. Welsh*, assistant attorney general.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. CANE, C.J. Shawn Virlee appeals his commitment as a sexually violent person under WIS. STAT. ch. 980[1] and an order denying his motion for post-trial relief. Virlee argues (1) ch. 980 violates due process because it allows commitment without a separate finding of serious difficulty in controlling behavior; (2) the jury instructions misled the jury and violated his due process rights; (3) recent changes to ch. 980 violate equal protection; (4) ch. 980 violates due process and equal protection because it requires pretrial confinement without considering the least restrictive alternative; (5) the trial court lacked jurisdiction over his commitment because the court's granting of jail credit after the State filed the petition placed his release date before the petition's filing date; and (6) the trial court

---

[1] All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

erroneously granted the State's motion in limine to prevent Virlee from presenting evidence regarding the jail credit.

¶ 2. We determine issues one, two, and three are governed by *State v. Laxton,* 2002 WI 82, 254 Wis. 2d 185, 647 N.W.2d 784, and *State v. Williams,* 2001 WI App 263, 249 Wis. 2d 1, 637 N.W.2d 791, *petition for review denied,* 2002 WI 23, 250 Wis. 2d 557, 643 N.W.2d 94. In addition, we decline to address Virlee's claim that WIS. STAT. ch. 980's lack of a pretrial release provision violates due process and equal protection because it does not affect his commitment. Finally, we conclude the trial court had jurisdiction over Virlee's commitment proceedings and properly excluded the jail credit evidence. Accordingly, we affirm the trial court's judgment and order.

## BACKGROUND

¶ 3. Virlee was convicted of second-degree sexual assault in 1996 and sentenced to forty-two months in prison. His scheduled mandatory release date was December 24, 1999. On December 20, the State filed a petition to commit Virlee as a sexually violent person. Virlee filed a motion to dismiss the petition, arguing he was owed jail credit that would have made his mandatory release date November 14. Because the State filed its petition after this date, Virlee argued, the trial court lacked jurisdiction over the commitment proceedings. Virlee also argued his pretrial confinement violated the requirements of *Foucha v. Louisiana,* 504 U.S. 71 (1992), and that the legislature's removal of WIS. STAT. ch. 980's "least restrictive placement" requirement also violated due process.

¶ 4. The court denied Virlee's motion. It concluded Virlee had not properly raised the jail credit

issue and therefore refused to consider it. In terms of the pretrial confinement and least restrictive issues, the court determined it was bound by case law concluding Wis. Stat. ch. 980 was constitutional.

¶ 5. Virlee then filed a motion asking the court to grant the jail credit. Specifically, Virlee claimed he was owed the credit for time he spent in jail between his arrest and the sentencing for the sexual assault. The court awarded the credit, and Virlee renewed his motion to dismiss. The court again denied the motion, concluding its retroactive grant of jail credit did not affect Virlee's actual release from prison on December 24 and the State's filing of the petition based on that date.

¶ 6. Prior to trial, the State filed a motion in limine to prevent Virlee from presenting evidence of the trial court's grant of jail credit and the subsequent change in his mandatory release date. The court granted this motion, concluding the evidence was irrelevant and its introduction would confuse the jury. Virlee also requested a modification of the pattern jury instruction, Wis JI—Criminal 2502, to include a requirement that the jury find he had serious difficulty in controlling his behavior. The court denied this request.

¶ 7. The jury found Virlee to be a sexually violent person and the court ordered his commitment. Virlee brought post-trial motions, which the court denied and he now appeals.

## DISCUSSION

### A. *Due Process*

¶ 8. We first address Virlee's claim that Wis. Stat. ch. 980 violates due process because it does not require a separate finding that the person being committed has

serious difficulty in controlling his or her behavior. He argues this finding is required by the United States Supreme Court's decision in *Kansas v. Crane*, 534 U.S. 407 (2002), where the Court considered Kansas' sexually violent persons commitment statute. In *Crane*, the Court concluded due process requires a finding that persons being committed have a serious inability to control their behavior. *Id.* at 412–13.

¶ 9. Our supreme court's decision in *Laxton* controls our resolution of this issue. In *Laxton*, the court determined Wis. Stat. ch. 980 satisfied the due process requirements of *Crane*. *Laxton*, 2002 WI 82 at ¶¶ 22–23. The court ruled ch. 980's requirement of proving a nexus between the mental disorder and an individual's dangerousness implicitly involves proof that the person has serious difficulty controlling his or her behavior. *Id.* The court specifically determined ch. 980 does not require a separate finding of the person's inability to control his or her behavior to comply with due process. *Id.* at ¶ 2. Consequently, we reject Virlee's claim.

*B. Jury Instruction*

¶ 10. We also determine *Laxton* controls Virlee's claim that the pattern jury instruction regarding the commitment of sexually violent persons, Wis JI—Criminal 2502, misstated the law and violated his due process rights. Virlee argues this instruction did not properly reflect the Supreme Court's decision in *Crane*. Our supreme court, however, rejected the same argument in *Laxton*, concluding because the jury instruction

724

accurately tracked the statute and because the statute complied with due process, the jury instruction was proper. *Id.* at ¶ 27.

## C. Equal Protection

██

¶ 11. Virlee next argues the legislature's changes to Wis. Stat. ch. 980 in 1999 by Wis. Act 9 violate his right to equal protection. Among these changes is a requirement that persons committed under ch. 980 be institutionalized and does not allow them to petition for release for at least eighteen months. Virlee claims this violates his right to equal protection because persons committed under other procedures, such as Wis. Stat. ch. 51, are not subject to the same restrictions.

¶ 12. Virlee acknowledges we rejected these arguments in *Williams*. At the time he filed his brief, however, the supreme court was considering a petition for review in *Williams*. The supreme court has since denied the petition. Consequently, we reject Virlee's equal protection argument.

## D. Pretrial confinement

¶ 13. Next, Virlee argues Wis. Stat. ch. 980 violates due process and equal protection because it does not allow for the pretrial release of respondents. He contends the statute violates equal protection because ch. 980 respondents are similarly situated to criminal defendants and there is no basis for denying bail to the former while granting it to the latter. Virlee also argues the statute violates due process because it does not comply with the requirements of *Foucha*, where the Supreme Court considered due process as it relates to the confinement of persons with mental disorders.

725

Finally, he argues ch. 980 violates due process because ch. 980 no longer requires the court to consider the "least restrictive placement" for ch. 980 respondents.

¶ 14. We decline to address Virlee's due process and equal protection arguments because he fails to establish, and we do not see, how the statute's lack of a provision for pretrial release affects the trial court's judgment. Virlee's appeal challenges his commitment. He does not argue that his inability to be released pending his trial somehow rendered the jury's verdict or the court's order of commitment improper. Even if we were to conclude Virlee had a right to be released before trial, the error would be harmless because it has no bearing on whether he is sexually violent. *See Whitty v. State*, 34 Wis. 2d 278, 289, 149 N.W.2d 557 (1967) (violation of right to reasonable bail subject to harmless error test because it does not affect issue of defendant's guilt or innocence). Further, although it is unclear whether Virlee challenges the removal of the least restrictive placement language from ch. 980 in the context of pretrial release or post-trial commitment, our supreme court has already determined the legislature's removal of this provision does not violate due process. *See State v. Rachel*, 2002 WI 81, ¶ 66, 254 Wis. 2d 215, 647 N.W.2d 762.

*E. Jurisdiction*

¶ 15. Next, we address Virlee's claim that the trial court did not have jurisdiction over his commitment proceedings. Virlee argues his mandatory release date was changed when the court awarded him jail credit and because this new date was prior to the State's filing of the commitment petition, the court was no longer competent to proceed. We disagree.

¶ 16. WISCONSIN STAT. § 980.02(2)(ag) requires that ch. 980 petitions be filed within ninety days of the respondent's "discharge or release, on parole, extended supervision or otherwise, from a sentence that was imposed for a conviction for a sexually violent offense, from a secured correctional facility . . . ." *State v. Pharm*, 2000 WI App 167, ¶ 10, 238 Wis. 2d 97, 617 N.W.2d 163. Failure to comply with this time limit affects the court's competency to proceed. *Id.* at ¶ 11. A court's competency to proceed is a question of law we review de novo. *Id.* To resolve this issue, we must interpret § 980.02(2)(ag), which also is a question of law we review de novo. *Id.* When we interpret a statute, our primary purpose is to discern the legislature's intent. *Landis v. Physicians Ins. Co.*, 2001 WI 86, ¶ 14, 245 Wis. 2d 1, 628 N.W.2d 893. To determine this intent, we look first to the plain language of the statute. *Id.* If the statutory language is clear and unambiguous, we do not look beyond the statutory language to ascertain its meaning. *Id.*

¶ 17. Virlee claims the court lost its competency to proceed with his commitment proceeding when it retroactively granted him sentence credit that placed his mandatory release date prior to the petition's filing date. We disagree. Under WIS. STAT. § 980.02(2)(ag), the State must file its petition within ninety days of release or discharge for it to be timely. By filing four days before Virlee's scheduled release from prison, the State did just that. The court did not lose jurisdiction because it modified Virlee's sentence after the petition was filed.

¶ 18. Our conclusion is supported by *State v. Carpenter*, 197 Wis. 2d 252, 541 N.W.2d 105 (1995). In *Carpenter*, Carpenter was paroled in 1993, but was later

reincarcerated when the department of corrections recalculated his sentence based on our decision in *State ex rel. Parker v. Fiedler*, 180 Wis. 2d 438, 509 N.W.2d 440 (Ct. App. 1993), *rev'd, State ex rel. Parker v. Sullivan*, 184 Wis. 2d 668, 517 N.W.2d 449 (1994). The supreme court later reversed this decision, and mandated all prisoners detained according to our decision be released on July 15, 1994. *Carpenter*, 197 Wis. 2d at 260. Instead of releasing Carpenter, however, the State filed a WIS. STAT. ch. 980 petition on July 14, 1995. *Id.* Carpenter argued the court lost jurisdiction because the petition should have been filed within ninety days of his 1993 parole date. *Id.* at 275. The supreme court rejected this argument, saying the department of correction's recalculation of Carpenter's parole based on *Parker* was not "illegal" merely because *Parker* was later reversed. *Id.* Instead, the court noted the State's petition was filed within ninety days of Carpenter's actual discharge from prison. *Id.* Similarly, we conclude the trial court's subsequent modification of Virlee's sentence does not change the fact the State filed the petition within ninety days of his actual release from prison.

### F. Evidence of sentence credit

¶ 19. Finally, we conclude the trial court did not err when it granted the State's motion precluding Virlee from introducing evidence of the trial court's sentence credit decision. A decision admitting or excluding evidence is subject to review under the erroneous exercise of discretion standard. *See State v. Plymesser*, 172 Wis. 2d 583, 591, 493 N.W.2d 367 (1992). We will affirm an evidentiary ruling if it is reasonable. *Id.* The court determined the evidence was irrelevant and could mislead the jury. This is a reasonable ruling considering the

court correctly concluded its award of jail credit did not affect its jurisdiction over Virlee's Wis. Stat. ch. 980 proceeding. Any discussion of the court's modification would have been irrelevant to whether the State filed its petition within ninety days of Virlee's release and would have confused the jury on this issue.

*By the Court.*—Judgment and order affirmed.