MICHAEL J. GABLEMAN, J.
¶ 1. This case is before the court on certification by the court of appeals pursuant to Wis. Stat. § 809.61 (2011-2012).
¶ 2. The question before us is whether a petition filed under Wis. Stat. ch. 980 ("Chapter 980") can be invalidated when the conviction recited in the petition is later reversed. In order to seek commitment of a sexually violent person under Chapter 980, the State must file a petition that meets the requirements of Wis. Stat. § 980.02 (2009-10).[1] One such requirement is that the State allege the individual has committed a sexually violent offense, which we refer to as a "predicate offense."[2] Wis. Stat. § 980.02(2)(a). The central dispute between the parties in this case is what is necessary to satisfy this statutory requirement. The State argues *764 that if the petition met the statutory requirements in Wis. Stat. § 980.02 at the time it was filed, it is irrelevant if the conviction for the predicate offense recited in the petition is later reversed. Spaeth argues that, because his conviction for the predicate offense was later reversed, the State's Chapter 980 petition is insufficient to support commitment.
¶ 3. We hold that the sufficiency of a Chapter 980 petition should be assessed as of the time of filing. At the time the State's petition was filed, the statutory requirements in Wis. Stat. § 980.02 were satisfied. We therefore hold that the Chapter 980 petition to commit Spaeth should not have been dismissed. Accordingly, we reverse the circuit court's order to dismiss the petition, and we remand for further proceedings consistent with this opinion.
I. FACTS AND PROCEDURAL HISTORY
¶ 4. The facts in this case are undisputed. In 1993, the defendant, Joseph J. Spaeth ("Spaeth"), was convicted of first-degree sexual assault of a child ("the 1993 conviction") in violation of Wis. Stat. § 948.02(1) (1991-92). Spaeth was paroled on the 1993 conviction in 2004. In February 2006, Spaeth submitted to an annual polygraph examination that was required under the terms of his parole. During the examination, Spaeth admitted that, while wrestling and tickling his minor relatives, he had "touch[ed] or brush[ed] their buttocks, breast and vaginal areas." As a result of these statements, Spaeth's parole in the 1993 conviction was revoked.
¶ 5. In addition to the revocation of his parole, Spaeth's statements during the polygraph examination and his subsequent statements to police also resulted in *765 new charges in April 2006. In July 2007, a jury convicted Spaeth of four counts of sexual assault of a child under 13 years of age in violation of Wis. Stat. § 948.02(1) (2005-06).[3] On October 20, 2008, Spaeth's convictions were vacated by the circuit court due to prejudicial and extraneous information in the jury room.[4] The State amended the charges from the 2007 case, and in March 2009, Spaeth pled no contest to four counts of child enticement contrary to Wis. Stat. § 948.07(1) ("the 2009 convictions").
¶ 6. On November 2, 2010, the State filed a petition to commit Spaeth as a sexually violent person pursuant to Wis. Stat. § 980.02. The petition alleged, in pertinent part:
The Respondent, Joseph J. Spaeth, has been convicted of a sexually violent offense(s). Specifically, on or about July 3, 2007, in Winnebago County Circuit Court File No. 06CF350, the Respondent was convicted of four (4) counts of Child Enticement-Sexual Contact in violation of Wisconsin Statute Section 948.07(1).
Although the petition refers to convictions occurring on July 3, 2007, this appears to be an error, as Spaeth was convicted of the charges recited in the petition — four counts of child enticement — in March 2009. As discussed above, the July 3, 2007 convictions were for four counts of sexual assault of a child, and these convictions were vacated by the circuit court on October 20, 2008. We assume for the purposes of this opinion that the State refers to the 2009 convictions in its petition.
*766 ¶ 7. At the time the State's petition was filed, Spaeth was scheduled for release from detention on the 2009 convictions on November 9, 2010. In response to the State's petition, however, Spaeth was transferred to a Department of Health and Family Services facility.
¶ 8. In July 2012, this court reversed Spaeth's March 2009 convictions, holding that they were derived from compelled testimony.[5] The State dismissed the charges against Spaeth the following month. Subsequently, the State informed the circuit court that it intended to proceed with Spaeth's Chapter 980 commitment, and the State sought to amend the Chapter 980 petition to include Spaeth's 1993 conviction.[6] Spaeth opposed this amendment and argued that the Chapter 980 petition must be dismissed.
¶ 9. In September 2012, the circuit court denied the State's proposed amendment and dismissed the petition. The circuit court reasoned that, while there was "a legitimate basis for the State to bring this action" at the time the petition was filed, once the March 2009 convictions were reversed and the charges dismissed, the State could no longer rely on those convictions as a predicate offense to support its petition. In addition, the circuit court concluded that amending the petition to include the 1993 conviction would not correct the deficiency, because Spaeth was not in custody for that offense at the time the petition was filed as required under Wis. Stat. § 980.02(1m).
*767 ¶ 10. The State appealed the circuit court's ruling, and the court of appeals certified the appeal to this court.
II. STANDARD OF REVIEW
¶ 11. Under Wis. Const. art. VII, § 3(3), by accepting a certified appeal, this court acquires jurisdiction of the entire appeal, not merely the questions certified. State v. Henley, 2010 WI 97, ¶ 28, 328 Wis. 2d 544, 787 N.W.2d 350.
¶ 12. This case requires us to interpret Chapter 980, which governs the civil commitment of sexually violent persons. Statutory interpretation is a question of law that this court reviews de novo. Crown Castle USA, Inc. v. Orion Constr. Grp., LLC, 2012 WI 29, ¶ 12, 339 Wis. 2d 252, 811 N.W.2d 332. While we interpret statutes independently, we benefit from the analyses of lower courts. Id.
III. DISCUSSION
¶ 13. The question before us is whether a Chapter 980 petition that was sufficient at the time it was filed is invalidated when the conviction recited in the petition is later reversed. The State argues that the validity of the petition should be assessed at the time of filing. Later reversal of the conviction recited in the petition is irrelevant, according to the State, because pursuant to this court's decision in State v. Carpenter, 197 Wis. 2d 252, 541 N.W.2d 105 (1995), and the court of appeals' decision in State v. Virlee, 2003 WI App 4, 259 Wis. 2d *768 718, 657 N.W.2d 106, a court should consider only the facts that existed when the petition was filed. The State maintains that its petition satisfied the statutory requirements of Wis. Stat. § 980.02(1m)-(2) because Spaeth was in custody for a sexually violent offense at the time the petition was filed. Therefore, the State contends that the circuit court improperly examined the petition based on the facts at the time the State moved to amend, rather than at the time the petition was filed.
¶ 14. Spaeth argues the circuit court properly considered the fact that his 2009 convictions were vacated, because if the predicate offense recited in the petition is no longer valid, there is no basis for Spaeth's commitment.
¶ 15. We conclude that the State's petition satisfies the requirements of Wis. Stat. § 980.02 and was not invalidated by the reversal of Spaeth's 2009 convictions. We begin in Part A by reviewing the statutory requirements for Chapter 980 commitment. In Part B, we address whether the circuit court properly dismissed the State's Chapter 980 petition. We conclude that if a Chapter 980 petition satisfies the statutory requirements in Wis. Stat. § 980.02 at the time it is filed, it will not be invalidated if the conviction recited in the petition is later reversed. Consequently, we determine that the State's petition should not have been dismissed.[7]
*769 A. Requirements for Chapter 980 Commitment
¶ 16. Chapter 980 provides the State with a mechanism to commit, for the purpose of treatment, individuals found to be "sexually violent person[s]" to the custody of the Department of Health and Family Services. Wis. Stat. § 980.06. The State must seek this commitment by filing a petition pursuant to the requirements of Wis. Stat. § 980.02. Among other things, Wis. Stat. § 980.02 explains that a valid Chapter 980 petition must "be filed before the person is released or discharged."[8] Wis. Stat. § 980.02(1m). In addition, Wis. Stat. § 980.02(2)(a) directs that a Chapter 980 petition must allege one of the following criteria:
1. The person has been convicted of a sexually violent offense.
2. The person has been found delinquent for a sexually violent offense.
*770 3. The person has been found not guilty of a sexually violent offense by reason of mental disease or defect.
The petition must also "state with particularity essential facts to establish probable cause to believe the person is a sexually violent person." Wis. Stat. § 980.02(3).
¶ 17. Once a Chapter 980 petition is filed, the circuit court "shall hold a hearing to determine whether there is probable cause to believe that the person named in the petition is a sexually violent person." Wis. Stat. § 980.04(2a). If probable cause is found, a trial must commence within 90 days after the probable cause hearing. Wis. Stat. § 980.05(1). At trial, the State "has the burden of proving beyond a reasonable doubt that the person who is the subject of the petition is a sexually violent person." Wis. Stat. § 980.05(3)(a). "If a court or jury determines that [the individual] is a sexually violent person" under the statutory definition, then the court must order commitment pursuant to Wis. Stat. § 980.06.
¶ 18. We now turn to the sufficiency of the State's Chapter 980 petition and examine whether the petition was invalidated by this court's reversal of Spaeth's 2009 convictions.[9]
B. The State's Chapter 980 Petition
¶ 19. In its petition, the State explained Spaeth had been convicted of a sexually violent offense, and he was in custody for that offense at the time the petition was filed. The circuit court nevertheless dismissed the State's Chapter 980 petition because the 2009 convictions were later reversed and the case dismissed.
*771 ¶ 20. We conclude that the circuit court erred in dismissing the Chapter 980 petition based on the fact that the underlying predicate offense was later vacated. To determine whether a Chapter 980 petition meets the statutory requirements in Wis. Stat. § 980.02, a court should consider the sufficiency of the allegations in the petition at the time the petition was filed. Subsequent facts that impact the status of the allegations in the petition may be relevant at trial under Wis. Stat. § 980.05, but they will not invalidate a petition that met the requirements of Wis. Stat. § 980.02 at the time of filing. In reaching this conclusion, we examine the statute's plain language, relevant precedent, and finally, Chapter 980's underlying purpose.
1. Petitions Filed Under Wis. Stat. § 980.02
¶ 21. We begin our analysis by examining the statutory requirements to file a Chapter 980 petition in Wis. Stat. § 980.02. Statutory interpretation "begins with the language of the statute. If the meaning of the statute is plain, we ordinarily stop the inquiry." State ex rel. Kalal v. Circuit Court for Dane Cnty., 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110 (quoting Seider v. O'Connell, 2000 WI 76, ¶ 43, 236 Wis. 2d 211, 612 N.W.2d 659). In addition to the plain language of the statute, "scope, context, and purpose are perfectly relevant to a plain-meaning interpretation of an unambiguous statute . ..." Id. at ¶ 48.
¶ 22. Wisconsin Stat. § 980.02(1m) provides that a Chapter 980 petition must "be filed before the person is released or discharged." (Emphasis added). To assess whether the custody requirement in Wis. Stat. § 980.02(1m) is satisfied, a court must simply ask whether the petition was filed while the person was still *772 in custody for the predicate offense. Nothing in Chapter 980 suggests that a subsequent change in circumstances must render the petition invalid.[10] Likewise, Wis. Stat. § 980.02(2) provides that "[a] petition filed under this section shall allege" a predicate offense. The provision does not state that later reversal of the conviction for the predicate offense will invalidate the petition, and we will not read requirements into a statute that do not exist. If the statutory requirements are met, the State may proceed to a probable cause hearing, where it must establish "probable cause to *773 believe that the person named in the petition is a sexually violent person." Wis. Stat. § 980.04(2)(a).
¶ 23. The dissent alleges that the petition is invalid because a vacated conviction cannot "support probable cause to believe the person is a sexually violent person" as required under Wis. Stat. § 980.02(3). Dissent, ¶ 58. We disagree. The relevant inquiry is whether, at the time of filing, the facts recited in the petition satisfied the statutory requirements in Wis. Stat. § 980.02. Here, the petition relied on a conviction for a sexually violent offense that was vacated nearly two years after the petition was filed. Thus, at the time of filing, the petition recited sufficient facts to satisfy the probable cause standard in Wis. Stat. § 980.02(3).
¶ 24. We further note that the requirements in Wis. Stat. § 980.02 pertain to the petition only. In asking whether a petition satisfies this statutory provision, we do not look ahead to the standard for a probable cause hearing under Wis. Stat. § 980.04 or a trial under Wis. Stat. § 980.05, which will necessarily contain testimony and other evidence that may differ from the bare bones allegations in the State's petition. If the strength of the State's case has changed because the conviction in the petition was reversed, that becomes a matter to be considered by the trier of fact, beginning with the probable cause hearing. Wisconsin Stat. § 980.04(2)(a) unequivocally states, "[wjhenever a petition is filed under s. 980.02, the court shall hold a hearing to determine whether there is probable cause to believe that the person named in the petition is a sexually violent person." (Emphasis added).
¶ 25. The dissent also asserts that "[t]he offense listed in the petition is the offense on which the state must defend its petition and then demonstrate probable cause." Dissent, ¶ 61. To address the dissent's position, *774 we will begin by briefly discussing the statutory history of Chapter 980. In 2006, the legislature amended the proof requirement in Wis. Stat. § 980.05(3)(a). Prior to this amendment, the statute provided: "At a trial on a petition under this chapter, the petitioner has the burden of proving the allegations in the petition beyond a reasonable doubt." Wis. Stat. § 980.05(3)(a) (2003-04). However, subsequent to the 2006 amendment, the State is now required to prove only "that the person who is the subject of the petition is a sexually violent person." Wis. Stat. § 980.05(3)(a). The State is thus no longer limited to the facts in its petition in order to establish a case for commitment at trial.
¶ 26. While the amendment of Wis. Stat. § 980.05(3)(a) pertained only to Chapter 980 trials, no parallel requirement ever existed for a probable cause hearing under Wis. Stat. § 980.04 that would preclude the State from introducing evidence not recited in the petition. Thus, the State is not foreclosed from producing additional evidence at either the probable cause hearing or at trial, or both, to support its petition.
¶ 27. The dissent can point to no provision in Chapter 980 that confines the State to its allegations in the petition during later proceedings. Indeed, such a restriction would unnecessarily inhibit the State by prohibiting the introduction of evidence that may emerge after the State's petition has been filed, such as additional sexually violent conduct. Our role is to interpret statutes as they are written. If the legislature wishes to amend the statute, it may do so, but unlike the dissent, we will not base our interpretation of unambiguous statutory language on what the legislature "suggest[ed]"[11] or *775 "implied]."[12] We are charged simply with determining whether the State's petition met the statutory requirements in Chapter 980, and the answer is plainly, "yes."[13]
2. Application of Wis. Stat. § 980.02 in Prior Cases
¶ 28. Our statutory interpretation of Chapter 980 is consistent with precedent concluding that a later change in circumstances will not invalidate a petition if it was valid at the time of filing. For instance, in State v. Carpenter, 197 Wis. 2d 252, the Department of Corrections ("DOC") recalculated the defendant's mandatory release date based on a court of appeals decision that was later reversed by this court. We examined the facts as they existed "[a]t the time the petition was initiated" and concluded that the State's Chapter 980 petition was valid even though, as in this case, the defendant's detention was predicated upon a decision that was later reversed. Id. at 275. We explained, "[t]he fact that this court ultimately reversed the court of appeals' decision does not render the DQC['s detention] 'illegal.'" Id.
¶ 29. Carpenter was subsequently applied by the court of appeals in State v. Virlee, 259 Wis. 2d 718. In Virlee, the defendant was awarded a sentence credit that moved his mandatory release date to a date prior to when the State filed its Chapter 980 petition. Never *776 theless, the court of appeals determined that the State satisfied the requirements in Wis. Stat. § 980.02 because the petition was valid at the time it was filed. The court reasoned that "the trial court's subsequent modification of Virlee's sentence does not change the fact the State filed the petition within ninety days[14] of his actual release from prison." Id,., ¶ 18. Likewise, our reversal of Spaeth's 2009 convictions — which were the predicate offenses in the State's Chapter 980 petition — does not somehow immunize Spaeth from a potential Chapter 980 commitment when he was in custody for a sexually violent offense at the time the State filed its petition.
¶ 30. As we explained in State v. Gilbert, there are only two means by which a court may dismiss a Chapter 980 petition: "1) failure to find probable cause 'to believe that the person is a sexually violent person' under § 980.04(3), or 2) failure to prove 'beyond a reasonable doubt that the person is a sexually violent person' under § 980.05(5)." State v. Gilbert, 2012 WI 72, ¶ 29, 342 Wis. 2d 82, 816 N.W.2d 215. Later reversal of the conviction for the predicate offense recited in the petition, without more, is simply not an appropriate ground for dismissal of the petition.[15]
3. The Purpose of Chapter 980
¶ 31. We may also look to a statute's purpose in examining its plain meaning. Kalal, 271 Wis. 2d 633, *777 ¶ 48 (A statute's "purpose [is] perfectly relevant to a plain-meaning interpretation of an unambiguous statute . . . The primary goals of Chapter 980 are "1) the treatment of sexually violent persons, and 2) the protection of society from those persons." Gilbert, 342 Wis. 2d 82, ¶ 23. Our reasoning is consistent with, and supports, the purpose of Chapter 980.
¶ 32. The State is required to file its Chapter 980 petition "before the person is released or discharged." Wis. Stat. § 980.02(1m). The State is aided in satisfying this requirement by Wis. Stat. § 980.015, which requires the agency with custody over a sexually violent offender to notify the State within 90 days of the prisoner's impending discharge or release. Wis. Stat. § 980.015(2)(a). The practical effect of this provision is the State will generally have a 90-day window in which to file its Chapter 980 petition and pursue commitment of an individual that it believes is sexually violent. It is therefore essential for the State to be able to rely on the facts as they exist at the time the petition is filed.
¶ 33. As illustrated by Carpenter and Virlee, any number of conceivable circumstances may arise after a Chapter 980 petition has been filed that relate to its underlying allegations. Under Spaeth's reasoning, if such circumstances arise after the individual has been released from custody, the State would be unable to pursue commitment of the individual even though it complied with all the statutory requirements in Chapter 980. In other words, if a later change in circumstances could invalidate a petition that was otherwise valid at the time of filing, the State would be at risk of losing its ability to commit a sexually violent person through no fault of its own, and even though the State met all the statutory requirements to proceed to commitment. Such an outcome would be contrary to the *778 primary purpose of Chapter 980, which is "to treat sexually violent persons and to protect society from the dangers posed by those persons." State v. West, 2011 WI 83, ¶ 27, 336 Wis. 2d 578, 800 N.W.2d 929; see also Kalal, 271 Wis. 2d 633, ¶ 46 (We must interpret statutes "reasonably, to avoid absurd or unreasonable results").
4. Application
¶ 34. Applying our reasoning to the facts of this case, we conclude that the State's petition met the statutory requirements at the time it was filed and should not have been dismissed.[16] First, the petition was filed before Spaeth was "released or discharged" pursuant to Wis. Stat. § 980.02(1m). In addition, Spaeth was "convicted of a sexually violent offense" —the 2009 convictions — pursuant to Wis. Stat. § 980.02(2)(a)(1). The State filed a valid petition based on the facts as they existed at the time. The fact that Spaeth's conviction was later overturned unquestionably impacts the strength of the State's case for his commitment, but this does not negate the validity of the State's petition at the time of filing.
IV CONCLUSION
¶ 35. We hold that the sufficiency of a Chapter 980 petition should be assessed as of the time of filing. At the time the State's petition was filed, the statutory *779 requirements in Wis. Stat. § 980.02 were satisfied. We therefore hold that the Chapter 980 petition to commit Spaeth should not have been dismissed. Accordingly, we reverse the circuit court's order to dismiss the petition, and we remand for further proceedings consistent with this opinion.

By the Court.

The order of the circuit court is reversed, and the cause is remanded.

 All subsequent references to the Wisconsin Statutes are to the 2009-10 version unless otherwise indicated.

 See State v. Gilbert, 2012 WI 72, ¶ 51, 342 Wis. 2d 82, 816 N.W.2d 215 (adopting the term "predicate offense" to refer to the sexually violent offense recited in a Chapter 980 petition).

 The Honorable William H. Carver presided.

 In June 2008, prior to the circuit court's October 2008 vacatur of the 2007 jury convictions, Spaeth was discharged from his sentence for the 1993 conviction. However, Spaeth remained in custody as a result of the April 2006 charges.

 State v. Spaeth, 2012 Wl 95, ¶ 79, 343 Wis. 2d 220, 819 N.W.2d 769.

 The record is unclear regarding whether the State intended to replace the 2009 convictions with the 1993 conviction as the predicate offense, or to simply include the 1993 conviction as an additional predicate offense. However, in light of our holding, the distinction is irrelevant.

 In holding that the State's petition meets the statutory requirements in Wis. Stat. § 980.02, we merely determine that the State's petition is sufficient to proceed to the next step in the Chapter 980 commitment process. The State still bears the burden of establishing "probable cause to believe that the person named in the petition is a sexually violent person" at a probable cause hearing, Wis. Stat. § 980.04(3), and if it does so, *769 the State must prove these allegations "beyond a reasonable doubt" at trial. Wis. Stat. § 980.05(3)(a).

 The dissent notes that in Gilbert, we explained that in addition to alleging a sexually violent offense in the petition, the petition must be " 'filed before the person is released or discharged' from the sentence for that sexually violent offense." Gilbert, 2012 WI 72, ¶ 51 (citing Wis. Stat. § 980.02(1m)); dissent, ¶ 57. We do not dispute that "the sexually violent offense that is a basis for the petition under § 980.02 must be the same offense for which the person is confined at the time of the petition's filing." Dissent, ¶ 57. However, the confinement requirement does not extend to the probable cause hearing under Wis. Stat. § 980.04 or trial under Wis. Stat. § 980.05. As discussed below, nothing in Chapter 980 provides that the State may produce evidence at the probable cause hearing and trial only if that evidence was first recited in the petition. Thus, the State may introduce additional evidence at these proceedings not connected to the individual's confinement at the time the petition was filed.

 As discussed supra ¶ 6, we assume the convictions recited in the petition are Spaeth's 2009 convictions.

 On the contrary, various provisions in Chapter 980 demonstrate that a subsequent reversal of the conviction recited in a petition does not automatically invalidate the petition. For instance, Wis. Stat. § 980.101 addresses the scenario where an individual has been committed under Chapter 980 and the conviction for the predicate offense recited in the petition is later reversed. The statute explains that if "there are other judgments relating to a sexually violent offense committed by the person that have not been reversed, set aside, or vacated" and that were not recited in the State's initial petition for commitment, "the court shall determine whether to grant the person a new trial. ..." Wis. Stat. § 980.101(2)(b). Although this provision does not apply here because Spaeth has not been committed at trial, it demonstrates that reversal of a conviction for a predicate offense will not conclusively terminate the State's petition. See State ex rel. Kalal v. Circuit Court for Dane Cnty., 2004 WI 58, ¶ 46, 271 Wis. 2d 633, 681 N.W.2d 110 ("statutory language is interpreted . . . not in isolation but as part of a whole ... ."). Moreover, § 980.101(2)(b) informs us this is especially true in cases such as Spaeth's, where the State can point to an additional conviction for a sexually violent offense to support commitment.
Other provisions in Chapter 980 permit commitment of an individual who has never been convicted of a sexually violent offense at all. See Wis. Stat. §§ 980.01(7), ,02(2)(a)(3) (allowing Chapter 980 commitment for individuals found not guilty due to insanity, illness, or mental disease or defect).

 Dissent, ¶¶ 57, 59.

 Dissent, ¶ 56.

 We note this court has previously held that Spaeth's statements leading to the 2009 convictions constituted compelled testimony, the fruits of which are inadmissible at trial. Spaeth, 343 Wis. 2d 220, ¶¶ 58, 67. Thus, the State must rely on other evidence to establish "probable cause to believe that the person named in the petition is a sexually violent person" at the probable cause hearing, and, if it is successful in so doing, to prove its allegations "beyond a reasonable doubt" at trial. Wis. Stat. §§ 980.04(3), .05(3)(a).

 Chapter 980 was amended in 2006. Prior to the amendment, the statute required a petition to be filed when "[t]he person is within 90 days of discharge or release . ..." Wis. Stat. § 980.02(2)(ag) (2003-04).

 This is in part because, under Wis. Stat. § 980.04(2)(a), a probable cause hearing must be held "[w]henever a petition is filed

 The State makes the alternative argument that, even if the petition was insufficient because the 2009 convictions were reversed, the circuit court nevertheless erred in denying its motion to amend the petition and include the 1993 conviction. Because we conclude that the State's petition met the statutory requirements and should not have been dismissed, we need not address whether the State should have been granted leave to amend.