DAVID T. PROSSER, J.
¶ 36. {dissenting). The question presented in this case is whether a petition filed pursuant to Wis. Stat. § 980.02 (Chapter 980 petition) for the civil commitment of a sexually violent person must be dismissed when the conviction for the predicate offense has been reversed and the charges dismissed. The majority concludes that when assessing a Chapter 980 petition, a reviewing court may focus on the sufficiency of the petition solely at the time it was filed, Majority op., ¶ 35, enabling the State to prove a different sexually violent offense at the probable cause hearing and at trial, even if the different sexually violent offense could not have been listed in the original petition. Because I strongly disagree with this conclusion and believe that a petition must remain viable in its original form or be amended to make it viable, I respectfully dissent.
FACTUAL AND PROCEDURAL BACKGROUND
¶ 37. Joseph J. Spaeth (Spaeth) was charged with first-degree sexual assault of a child[1] in 1992 and convicted of the offense in 1993 (1993 conviction). Twice, on January 9, 2003, and again on July 12, 2004, a Department of Corrections (DOC) evaluator deter *780 mined that Spaeth did not meet the criteria for commitment under Wis. Stat. ch. 980; thus, on August 8, 2004, DOC released Spaeth on parole.
¶ 38. Eighteen months later, on February 15, 2006, Spaeth was directed to meet with his parole agent to participate in a compulsory polygraph examination. During the examination process, he admitted to his agent that he "may have brushed up against his nieces and nephews [sic] vaginas or butts or breast area." State v. Spaeth, 2012 WI 95, ¶ 11, 343 Wis. 2d 220, 819 N.W.2d 769. Inasmuch as Spaeth was prohibited from having unsupervised contact with minors and engaging in physical contact with minors, the agent immediately commenced parole revocation proceedings by asking Oshkosh police to take Spaeth into custody. Id., ¶¶ 9-11.
¶ 39. On May 8, 2006, the Wisconsin Division of Hearings and Appeals revoked Spaeth's parole for the 1993 conviction. He was eventually discharged from the 1993 conviction in June 2008.
¶ 40. It should be noted that the State could have filed a Chapter 980 petition against Spaeth before he was discharged in 2008. But the State had different plans.
¶ 41. When Oshkosh police took Spaeth into custody on the parole revocation hold, they questioned him to provide grounds for new criminal charges. After receiving a Miranda[2] warning, Spaeth admitted to an Oshkosh detective that on February 11, 2006, he started tickling his niece at his brother's house, and "his hand brushed up against her vagina, buttocks, and chest." He indicated that a similar incident took place on February 14, 2006, with three of his nieces.
*781 ¶ 42. On April 25, 2006, the State filed a complaint charging Spaeth with four counts of sexual assault of a child under 13 years of age as a persistent repeater contrary to Wis. Stat. §§ 948.02(1), 939.50(3)(b), 939.62(2m)(b)2. On July 3, 2007, a jury found Spaeth guilty on all four counts, and a judgment of conviction was filed on July 5, 2007 (2007 convictions).
¶ 43. On October 20, 2008, the circuit court vacated Spaeth's 2007 convictions because it discovered that the jury had been exposed to prejudicial information regarding Spaeth's status as a convicted sex offender. See Spaeth, 343 Wis. 2d 220, ¶ 24.
¶ 44. On March 13, 2009, Spaeth pled no contest to four counts of child enticement contrary to Wis. Stat. § 948.07(1) (2005-06). The court entered ajudgment of conviction on those four counts on May 8, 2009 (2009 convictions). The court sentenced Spaeth to five years of initial confinement and ten years of extended supervision for each count, to run concurrently with all other counts. Because of the length of his custody before these convictions, Spaeth was eligible for 1254 days of sentence credit.
¶ 45. On October 22, 2010, a DOC evaluator created a report diagnosing Spaeth with paraphilia not otherwise specified[3] — a condition that the evaluator believed qualified as a mental disorder under Wis. Stat. *782 ch. 980. Thereafter, on November 2, 2010, the State filed a Chapter 980 petition to commit Spaeth as a "sexually violent person." The petition alleged the 2009 convictions as the "predicate offense"[4] and noted that Spaeth was set to be released from the sentence imposed for these convictions on or about November 9, 2010. In response to the Chapter 980 petition, the circuit court issued an order transferring Spaeth from DOC to a facility approved by the Department of Health and Family Services (DHFS).
¶ 46. Spaeth had appealed his 2009 convictions. On July 13, 2012, this court reversed these convictions on grounds that they were derived from compelled testimony to his parole agent and therefore could not be used against Spaeth in a later criminal trial. Spaeth, 343 Wis. 2d 220, ¶ 79. When the case was remanded to Winnebago County, the district attorney dismissed the charges. The reversal and the dismissal wholly vacated the 2009 convictions.
¶ 47. Despite the reversal of the predicate offense and the dismissal of those charges, the State filed a letter with the circuit court on August 15, 2012, asserting that the State intended to proceed with the Chapter 980 petition. In the letter, the State said that it would rely on the 1993 conviction to prove that Spaeth is a sexually violent person.
¶ 48. On August 16, 2012, Spaeth responded to the State in a letter that was treated as a motion to dismiss. Spaeth argued that the 2009 convictions were *783 the only offenses listed in the Chapter 980 petition, and they could not form the basis for commitment because those convictions were reversed. In addition, Spaeth contended that since he had been discharged from the sentence for the 1993 conviction, that conviction could not be the predicate offense, as he was not in prison for that offense when the Chapter 980 petition was filed.
¶ 49. The circuit court granted Spaeth's motion to dismiss in a written order on September 7, 2012. The court agreed with Spaeth that the dismissed 2009 convictions could not be the predicate offense for the Chapter 980 petition, and the State could not amend the petition to use the 1993 case as the predicate offense because Spaeth was not in custody for that offense when the petition was filed.[5] The court stayed its order pending appeal. Thus, during this entire appeal, Spaeth has remained at Sand Ridge Secure Treatment Center under the supervision of DHFS.
INTERPRETATION OF CHAPTER 980
¶ 50. This case requires an interpretation of Wis. Stat. ch. 980. "[Statutory interpretation 'begins with the language of the statute.'" State ex rel. Kalal v. Circuit Court for Dane Cnty., 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110 (citations omitted). We interpret statutory language in context and "to avoid absurd or unreasonable results." Id., ¶ 46 (citations omitted).
¶ 51. Chapter 980 allows the state to petition for the civil commitment of sexually violent persons. See generally Wis. Stat. ch. 980; see also State v. Carpenter, *784 197 Wis. 2d 252, 259, 541 N.W.2d 105 (1995). The term "sexually violent person" is defined in the chapter as follows:
"Sexually violent person" means a person who has been convicted of a sexually violent offense, has been adjudicated delinquent for a sexually violent offense, or has been found not guilty of or not responsible for a sexually violent offense by reason of insanity or mental disease, defect, or illness, and who is dangerous because he or she suffers from a mental disorder that makes it likely that the person will engage in one or more acts of sexual violence.
Wis. Stat. § 980.01(7).
¶ 52. As noted, the commitment process begins with the filing of a petition, under Wis. Stat. § 980.02. Section 980.02(2) reads in part:
(2) A petition filed under this section shall allege that all of the following apply to the person alleged to be a sexually violent person:
(a)The person satisfies any of the following criteria:
1. The person has been convicted of a sexually violent offense. [6]
(b) The person has a mental disorder.
(c) The person is dangerous to others because the person's mental disorder makes it likely that he or she will engage in acts of sexual violence.
Notably, the elements that must be listed in the petition are the same elements needed to prove that someone is *785 a "sexually violent person." Compare Wis. Stat. § 980.02(2)(a)-(c), with Wis. Stat. § 980.01(7).
¶ 53. Subsection (3) of § 980.02 then reads:
A petition filed under this section shall state with particularity essential facts to establish probable cause to believe the person is a sexually violent person. If the petition alleges that a sexually violent offense or act that is a basis for the allegation under sub. (2)(a) was an act that was sexually motivated as provided under s. 980.01(6)(b), the petition shall state the grounds on which the offense or act is alleged to be sexually motivated.
¶ 54. Neither of these subsections — (2) or (3)— contains any temporal condition. But subsection (1m) does: "A petition filed under this section shall be filed before the person is released or discharged." Wis. Stat. § 980.02(1m).
¶ 55. Subsection (1m) is linked to Wis. Stat. § 980.015(2), which reads in part:
(2) If an agency with jurisdiction has control or custody over a person who may meet the criteria for commitment as a sexually violent person, the agency ■with jurisdiction shall inform each appropriate district attorney and the department of justice regarding the person as soon as possible beginning 90 days prior to the applicable date of the following:
(a) The anticipated discharge or release, on parole, extended supervision, or otherwise, from a sentence of imprisonment or term of confinement in prison that was imposed for a conviction for a sexually violent offense ....
¶ 56. The provisions quoted above imply that Wis. Stat. ch. 980 follows a linear progression from notice that the person will be released from custody for *786 conviction of a sexually violent offense to the filing of a petition to commit the person as a sexually violent person. The petition must identify the sexually violent offense, stating "with particularity essential facts to establish probable cause." Wis. Stat. § 980.02(3).
¶ 57. Previously, this court interpreted Wis. Stat. § 980.02(1m) to mean that the petition must be filed before the person is released or discharged from the predicate offense listed in the ch. 980 petition. See State v. Gilbert, 2012 WI 72, ¶ 51, 342 Wis. 2d 82, 816 N.W.2d 215. In Gilbert, the court stated that Wis. Stat. § 980.02(1m)-(2) "requires, inter alia, that the State prove that the person 'has been convicted of a sexually violent offense,' § 980.02(2)(a)1., and that the ch. 980 petition must be 'filed before the person is released or discharged' from the sentence for that sexually violent offense, § 980.02(lm)." Id., ¶ 51 (emphasis added). The statutory context and the court's statement in Gilbert strongly suggest that the sexually violent offense that is a basis for the petition under § 980.02 must be the same offense for which the person is confined at the time of the petition's filing. Moreover, to establish that the subject of the petition is a "sexually violent person," the state must show that the person has been convicted of the offense listed in the petition. Id.
¶ 58. As noted above, a Chapter 980 petition must allege that all of the following apply:
(a) The person satisfies any of the following criteria:
1. The person has been convicted of a sexually violent offense.
(b) The person has a mental disorder.
*787 (c) The person is dangerous to others because the person's mental disorder makes it likely that he or she will engage in acts of sexual violence.
Wis. Stat. § 980.02(2). Admittedly, § 980.02(2)(a)1. appears to require only an allegation that "[t]he person has been convicted of a sexually violent offense." Id. (emphasis added). However, the statute goes on to require that the "petition . . . shall state with particularity essential facts to establish probable cause to believe the person is a sexually violent person." Wis. Stat. § 980.02(3). Thus, the statute connects the allegation of the sexually violent offense in the petition to the probable cause determination at the hearing. Consequently, the allegations in the petition must support probable cause to believe the person is a sexually violent person. If the predicate offense listed in the petition is not a valid conviction, the petition is insufficient under Wis. Stat. § 980.02(3).
¶ 59. After the Chapter 980 petition is filed, "the court shall review the petition to determine whether to issue an order for detention of the person who is the subject of the petition." Wis. Stat. § 980.04(1) (emphasis added). Thus, the court's determination regarding detention is tied to the predicate offense listed in the petition. The court must also "determine whether there is probable cause to believe that the person named in the petition is a sexually violent person." Wis. Stat. § 980.04(2)(a). The requirement in Wis. Stat. § 980.02(3) that the petition allege facts to establish probable cause suggests that the probable cause determination must be based on the allegations in the petition. It is unlikely that the court would approve going to a probable cause hearing on one offense and then make a probable cause finding on a completely different offense.
*788 ¶ 60. Finally, at trial, "the petitioner has the burden of proving beyond a reasonable doubt that the person who is the subject of the petition is a sexually violent person." Wis. Stat. § 980.05(3)(a). If the fact finder determines that the person is a sexually violent person, "the court shall enter a judgment on that finding and shall commit the person as provided under s. 980.06." Wis. Stat. § 980.05(5).
¶ 61. Looking at the statute as a whole, it is evident that Chapter 980 centers around the sexually violent offense for which a person is confined at the time a Chapter 980 petition is filed. The agency with custody of the person must give notice to the department of justice and the district attorney that the person is about to be discharged or released from that sexually violent offense. Wis. Stat. § 980.015(2). The statute contemplates the state using that offense as the predicate offense. The offense listed in the petition is the offense on which the state must defend its petition and then demonstrate probable cause.
¶ 62. The majority asserts that this reading of the statute is mistaken — that the petition is separate from the probable cause hearing and the trial and that the predicate offense in the petition may be completely abandoned at the probable cause hearing and the trial.
THE PETITION TO COMMIT SPAETH
¶ 63. The State's petition to commit Spaeth was valid at the time it was filed in November 2010 because, at that time, Spaeth had been convicted of a sexually violent offense (the 2009 convictions) and he was in confinement for that sexually violent offense.
¶ 64. The problem is that the listed predicate offense in the petition has been reversed and dismissed. It was reversed and dismissed before the circuit court *789 made any finding of probable cause, and, of course, Spaeth's case never went to trial. Thus, however valid the petition was when it was filed, it will not be valid in a future probable cause hearing. The State cannot meet its burden by showing that Spaeth was convicted of a sexually violent offense that has been vacated.
¶ 65. Consequently, the State appears to have only two options in this case. The State can amend the petition in a manner that complies with the requirements of the statute, or it can persuade a court to interpret the statute so that there need be no connection between the sexually violent offense named in the petition and the sexually violent offense established at some later hearing. In short, either the petition must be amended so that the State can prove its essential elements, or the petition must be severed from future proceedings so that the State may prove a different offense.
¶ 66. The majority has chosen the second option. In my view, only the first option is permitted. If the State is unable to amend the petition, the petition is deficient and must be dismissed.
¶ 67. The reason the State's options are limited is obvious. The State cannot proceed on a petition that relies on a vacated sexually violent offense. It is inconceivable that the State would ask a court to find probable cause that a person has been convicted of a sexually violent offense that has been reversed and dismissed. If this were possible, the State could proceed on an offense that was reversed after the person was exonerated on the basis of DNA evidence or reversed because of other indicia of actual innocence.
¶ 68. There are certainly situations in which an overturned conviction for a predicate offense may be retried. In such a case, a Chapter 980 petition may be *790 filed during the person's confinement if the person is again convicted of a sexually violent offense. That was not possible in this case because the State had virtually no evidence with which to retry Spaeth, and thus it dismissed the charges against him.
¶ 69. Hence, it is necessary to examine the other options.
AMENDMENT
¶ 70. The State should be able to amend its petition so long as it is able to comply with the terms of the statute. This means that the State should be able to substitute a different sexually violent offense for the one in the petition so long as the person named in the petition was being "confined" for the substituted offense at the time the petition was filed.
¶ 71. The confinement prerequisite is set out in Wis. Stat. § 980.015(2):
(2) If an agency with jurisdiction has control or custody over a person who may meet the criteria for commitment as a sexually violent person, the agency with jurisdiction shall inform each appropriate district attorney and the department of justice regarding the person as soon as possible beginning 90 days prior to the applicable date of the following:
(a) The anticipated discharge or release, on parole, extended supervision, or otherwise, from a sentence of imprisonment or term of confinement in prison that was imposed for a conviction for a sexually violent offense, from a continuous term of incarceration, any part of which was imposed for a sexually violent offense, or from a placement in a Type 1 prison under s. 301.048(3)(a)l., any part of which was required as a result of a conviction for a sexually violent offense.
*791 (b) The anticipated release from a juvenile correctional facility, as defined in s. 938.02(10p), or a secured residential care center for children and youth, as defined in s. 938.02(15g), if the person was placed in the facility as a result of being adjudicated delinquent under s. 48.34, 1993 stats., or under s. 938.183 or 938.34 on the basis of a sexually violent offense.
(c) The anticipated release of a person on conditional release under s. 971.17, the anticipated termination of a commitment order under 971.17, or the anticipated discharge of a person from a commitment order under s. 971.17, if the person has been found not guilty of a sexually violent offense by reason of mental disease or defect.
(d) The anticipated release on parole or discharge of a person committed under ch. 975 for a sexually violent offense.
Wis. Stat. § 980.015(2).[7]
¶ 72. Paragraphs (a), (b), (c), and (d) all deal with persons about to be released from confinement for a sexually violent offense. Each person is confined for a sexually violent offense or for a sexually violent offense combined with one or more other offenses. Paragraph (a) speaks of a person who is about to be discharged or released "from a continuous term of incarceration, any part of which was imposed for a sexually violent offense." Wis. Stat. § 980.015(2)(a) (emphasis added). This language contemplates confinement for more than one sexually violent offense or confinement for a sexually violent offense and some other offense.
¶ 73. There is a reason why a person's confinement for a sexually violent offense at the time a Chapter 980 petition is filed is essential to the statutory *792 scheme. Chapter 980 commitment is a major departure from normal procedure. Normally, when a defendant completes the period of confinement required by his sentence, he is discharged or released into the community. Release under supervision is part of a standard bifurcated sentence. Outright discharge usually means that a person has "paid his debt to society" and is no longer under supervision.
¶ 74. Chapter 980 was designed to deal with the relatively small number of persons who are considered so dangerous that they must remain in confinement. The State asserts that these persons have a mental disorder that makes it likely that they will engage in additional acts of sexual violence. The State is required to prove to a neutral fact finder that the subject of the petition is a sexually violent person beyond a reasonable doubt. Wis. Stat. § 980.05(3)(a).
¶ 75. If the State has already released a person from confinement, it cannot easily contend that the person must still be confined. The State's argument would be inconsistent with its action. If a person has been released from state confinement, future state action must be grounded in what the person does in the community, not on predictions of what the person is likely to do. The prerequisite of confinement for a sexually violent offense also assures that people are not subject to commitment many years after they have been released from confinement in connection with a sexually violent offense.
¶ 76. In sum, Wis. Stat. § 980.015(2) requires that the sexually violent offense named in a Chapter 980 petition be a sexually violent offense on which the person was confined at the time of filing. The statute sets a standard; it has been revised to allow some flexibility. The State cannot disregard this statutory *793 prerequisite because it does not like the result any more than it can disregard the fact that its authority to file a petition is fundamentally diminished once it releases a person from confinement.
¶ 77. Once again, the State could have filed a Chapter 980 petition while Spaeth was still in confinement for the 1993 conviction. It did not do so. It could have retried Spaeth on the 2009 convictions if it had the ability to do so. It didn't. The State's present predicament was created by the State and does not justify rewriting the statute.
THE MAJORITY OPINION
¶ 78. The majority disagrees and adopts the other option. It does not dismiss the petition or try to justify amending the petition. It looks backward, concluding that "[a]t the time the State's petition was filed, the statutory requirements in Wis. Stat. § 980.02 were satisfied. We therefore hold that the Chapter 980 petition to commit Spaeth should not have been dismissed." Majority op., ¶ 3. The case is remanded to the circuit court.
¶ 79. What the majority opinion fails to do is to look forward and provide clear guidance to the parties and the court.
¶ 80. The majority reports that "the State informed the circuit court that it intended to proceed with Spaeth's Chapter 980 commitment, and the State sought to amend the Chapter 980 petition to include Spaeth's 1993 conviction." Id., ¶ 8 (emphasis added). In a footnote, the majority adds, "The record is unclear regarding whether the State intended to replace the 2009 convictions with the 1993 conviction as the predicate offense, or to simply include the 1993 conviction as *794 an additional predicate offense. However, in light of our holding, the distinction is irrelevant." Id., ¶ 8 n.6.
¶ 81. The majority cannot duck the responsibility of determining whether the State can rely in any respect on the 2009 convictions as it goes forward to a probable cause hearing and a trial. The majority acknowledges:
[T]his court has previously held that Spaeth's statements leading to the 2009 convictions constituted compelled testimony, the fruits of which are inadmissible at trial. Thus, the State must rely on other evidence to establish "probable cause to believe that the person named in the petition is a sexually violent person" at the probable cause hearing, and, if it is successful in so doing, to prove its allegations "beyond a reasonable doubt" at trial.
Majority op., ¶ 27 n.13 (citations omitted). But it also interprets Wis. Stat. §§ 980.04(3) and 980.05(3)(a), saying that "the State is not foreclosed from producing additional evidence at either the probable cause hearing or at trial, or both, to support its petition." Id., ¶ 26; see also id., ¶ 16 n.8 (stating that "the State may introduce additional evidence at these proceedings not connected to the individual's confinement at the time the petition was filed"). The majority has not absolutely prohibited all use of the 2007 and 2009 "convictions" at the probable cause hearing or trial.
¶ 82. The majority should also discuss whether the petition can be amended or should be amended, so that the subject of the formerly valid petition has notice of what the State intends to prove.
¶ 83. The majority clearly understands that there had been no probable cause hearing and no trial. Looking forward, the State must show probable cause that Spaeth "has been convicted of a sexually violent offense." That offense cannot be the 2009 convictions, *795 which were vacated. The only other conviction is the 1993 conviction, but Spaeth was not in confinement for that conviction when the petition was filed.
¶ 84. The court must be saying that the State can rely on the 1993 conviction at his probable cause hearing and at his trial. This is completely abandoning the language relating to the probable cause hearing and the rationale of the statute. It is saying that once the State gets to the probable cause hearing, it can rely on any sexually violent offense, no matter what the circumstances, no matter how old the offense. Once the "conviction of a sexually violent offense" is cut from its statutory moorings, the State may prove any such offense that resulted in a conviction. Unless the majority requires some valid charging document such as an amended petition, the State has not given notice of the basis for the commitment proceeding and arguably may abandon any allegations in the formerly valid petition that it no longer wishes to utilize in its effort to commit Spaeth.
¶ 85. The majority attempts to justify this result by citing irrelevant authority. For instance, the majority references Wis. Stat. § 980.101(2)(b) to suggest that a reversal of a conviction for the predicate offense and the dismissal of the charges do not necessarily invalidate the Chapter 980 petition. Majority op., ¶ 22 n.10. Section 980.101(2)(b) reads:
If the sexually violent offense was the sole basis for the allegation under s. 980.02(2)(a) but there are other judgments relating to a sexually violent offense committed by the person that have not been reversed, set aside, or vacated, or if the sexually violent offense was not the sole basis for the allegation under s. 980.02(2)(a), the court shall determine whether to grant the person a new trial under s. 980.05 because *796 the reversal, setting aside, or vacating of the judgment for the sexually violent offense would probably change the result of the trial.
Wisconsin Stat. § 980.101(2)(b). comes into play only after the state has complied with all sections of Wis. Stat. ch. 980 and obtained a commitment.[8] In those circumstances, the vacatur does not render the state's ongoing efforts to advance a Chapter 980 petition noncompliant with the statute. Instead, it acknowledges that the committed person may no longer fit the *797 definition of a sexually violent person and allows the court to consider whether a new trial is necessary. Thus, that section has no bearing here.
¶ 86. The majority also cites Carpenter and State v. Virlee, 2003 WI App 4, 259 Wis. 2d 718, 657 N.W.2d 106.
¶ 87. In Carpenter, the defendant was paroled in 1993. Carpenter, 197 Wis. 2d at 260, 275. After the parole, the DOC recalculated Carpenter's mandatory release date based on a court of appeals decision and reincarcerated him. Id. This court later reversed that court of appeals decision and ordered that prisoners incarcerated due to that decision be released by July 15, 1994; Carpenter was not released because the state filed a Chapter 980 petition on July 14,1994. Id. at 260. Carpenter argued that his original release date in 1993 was the date that applied to the 90-day requirement for filing a Chapter 980 petition and that the State filed the petition too late. Id. at 275. This court determined that because DOC recalculated the parole date, Carpenter was within 90 days of discharge when the state filed the Chapter 980 petition even though this court ultimately reversed the court of appeals decision that justified DOC's recalculation. Id.
¶ 88. Similarly, in the Virlee case, Virlee was initially set to be released from imprisonment for a sexually violent offense on December 24, 1999. Virlee, 259 Wis. 2d 718, ¶ 3. The state filed a Chapter 980 petition on December 20. Id. The circuit court subsequently granted Virlee's motion for jail credit, which moved his mandatory release date up to November 14, over a month before the state filed the Chapter 980 petition. Id., ¶¶ 3-5. The court of appeals cited Carpenter and determined that "the trial court's subsequent modification of Virlee's sentence does not change the fact the *798 State filed the petition within ninety days of his actual release from prison." Id., ¶ 18. Thus, it did not matter that Virlee had technically completed his sentence; the state complied with the statute by filing within 90 days of Virlee's release.
¶ 89. These cases are persuasive authority that courts may look at the sufficiency of a Chapter 980 petition at the time it was filed when the issue involves timing. In both cases, the state had no way of knowing that the time for filing the Chapter 980 petition was going to change. The petitions were valid when they were filed and when they were acted on.
¶ 90. This case is materially different. Action on any Chapter 980 petition for Spaeth is ahead of us, not behind us. The State must disregard its predicate offense because its original offense has been vacated. It must prove its case in two future hearings. It must prove a case that complies with the law.
¶ 91. The majority cites policy to support its position: "[I]f a later change in circumstances could invalidate a petition that was otherwise valid at the time of filing, the State would be at risk of losing its ability to commit a sexually violent person through no fault of its own . . . ." Majority op., ¶ 33. In this case, the majority cannot say with a straight face that the State is in its predicament "through no fault of its own." We expect the State to follow the law. It did not.
¶ 92. The majority seems unmoved by the fact that Spaeth has been in the custody of DHFS since November 2010 without having been given any evidentiary hearing and that his confinement from June 2007 until the reversal of his convictions was based almost entirely on illegally obtained evidence.
*799 ¶ 93. Chapter 980 has become a valuable component of Wisconsin law. It should not be altered permanently because the government screwed up.
¶ 94. For the reasons stated, I respectfully dissent.
¶ 95. I am authorized to state that Chief Justice SHIRLEY S. ABRAHAMSON and Justice ANN WALSH BRADLEY join this dissent.

 Wis. Stat. § 948.02(1) (1991-92).

 Miranda v. Arizona, 384 U.S. 436 (1966).

 The evaluator stated, "The essential features of a Paraphilia are recurrent, intense sexually arousing fantasies, sexual urges, or behaviors generally involving 1) nonhuman objects, 2) the suffering or humiliation of oneself or one's partner, or 3) children or other nonconsenting persons, that occur over a period of at least 6 months." The "not otherwise specified" designation means that the person's presentation is consistent with the general guidelines for a mental disorder but that there are atypical or mixed symptoms.

 For the predicate offense, the petition alleged that "on or about July 3, 2007, in Winnebago County Circuit Court File No. 06CF350, the Respondent was convicted of four (4) counts of Child Enticement-Sexual Contact in violation of Wisconsin Statute Section 948.07(1)." Spaeth was actually convicted of the four counts of child enticement in 2009.

 See supra, paragraph 40.

 "Sexually violent offense" is defined in Wis. Stat. § 980.01(6), which lists qualifying offenses.

 Wisconsin Stat. § 980.015(2) was expanded substantially in 2006 by 2005 Wisconsin Act 434, §§ 75-78.

 Wisconsin Stat. § 980.101(2) reads:
(2) If, at any time after a person is committed under s. 980.06, a judgment relating to a sexually violent offense committed by the person is reversed, set aside, or vacated and that sexually violent offense was a basis for the allegation made in the petition under s. 980.02(2)(a), the person may bring a motion for postcommitment relief in the court that committed the person. The court shall proceed as follows on the motion for postcommitment relief:
(a) If the sexually violent offense was the sole basis for the allegation under s. 980.02(2) (a) and there are no other judgments relating to a sexually violent offense committed by the person, the court shall reverse, set aside, or vacate the judgment under s. 980.05(5) that the person is a sexually violent person, vacate the commitment order, and discharge the person from the custody of the department.
(b) If the sexually violent offense was the sole basis for the allegation under s. 980.02(2)(a) but there are other judgments relating to a sexually violent offense committed by the person that have not been reversed, set aside, or vacated, or if the sexually violent offense was not the sole basis for the allegation under s. 980.02(2)(a), the court shall determine whether to grant the person a new trial under s. 980.05 because the reversal, setting aside, or vacating of the judgment for the sexually violent offense would probably change the result of the trial.
(Emphasis added.) This statute applies to a person who has been committed under Wis. Stat. § 980.06. Spaeth has not been so committed.