# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2012AP2170 |
| COMPLETE TITLE: | In re the commitment of Joseph J. Spaeth:<br><br>State of Wisconsin,<br>      Petitioner-Appellant,<br>   v.<br>Joseph J. Spaeth,<br>      Respondent-Respondent. |

ON CERTIFICATION FROM THE COURT OF APPEALS

| | |
|---|---|
| OPINION FILED: | July 16, 2014 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | March 13, 2014 |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | Circuit |
| COUNTY: | Winnebago |
| JUDGE: | Thomas J. Gritton |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | PROSSER, J., ABRAHAMSON, C.J., BRADLEY, J., dissent. (Opinion filed.) |
| NOT PARTICIPATING: | |

ATTORNEYS:

For the petitioner-appellant, the cause was argued by *Warren D. Weinstein*, assistant attorney general, with whom on the briefs was *J.B. Van Hollen*, attorney general.

For the respondent-respondent, there was a brief by *Shelley M. Fite*, assistant state public defender, and oral argument by *Shelley M. Fite*.

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2012AP2170
(L.C. No. 2010CI1)

STATE OF WISCONSIN           :         IN SUPREME COURT

**In re the commitment of Joseph J. Spaeth:**

**State of Wisconsin,**

        **Petitioner-Appellant,**

  **v.**

**Joseph J. Spaeth,**

        **Respondent-Respondent.**

**FILED**

**JUL 16, 2014**

Diane M. Fremgen
Clerk of Supreme Court

APPEAL from a judgment and order of the Circuit Court for Winnebago County, Thomas J. Gritton, Judge. *Reversed and cause remanded.*

¶1 MICHAEL J. GABLEMAN, J. This case is before the court on certification by the court of appeals pursuant to Wis. Stat. § 809.61 (2011-2012).

¶2 The question before us is whether a petition filed under Wis. Stat. ch. 980 ("Chapter 980") can be invalidated when the conviction recited in the petition is later reversed. In

order to seek commitment of a sexually violent person under Chapter 980, the State must file a petition that meets the requirements of Wis. Stat. § 980.02 (2009-10).[1] One such requirement is that the State allege the individual has committed a sexually violent offense, which we refer to as a "predicate offense."[2] Wis. Stat. § 980.02(2)(a). The central dispute between the parties in this case is what is necessary to satisfy this statutory requirement. The State argues that if the petition met the statutory requirements in Wis. Stat. § 980.02 at the time it was filed, it is irrelevant if the conviction for the predicate offense recited in the petition is later reversed. Spaeth argues that, because his conviction for the predicate offense was later reversed, the State's Chapter 980 petition is insufficient to support commitment.

¶3 We hold that the sufficiency of a Chapter 980 petition should be assessed as of the time of filing. At the time the State's petition was filed, the statutory requirements in Wis. Stat. § 980.02 were satisfied. We therefore hold that the Chapter 980 petition to commit Spaeth should not have been dismissed. Accordingly, we reverse the circuit court's order to dismiss the petition, and we remand for further proceedings consistent with this opinion.

---

[1] All subsequent references to the Wisconsin Statutes are to the 2009-10 version unless otherwise indicated.

[2] See State v. Gilbert, 2012 WI 72, ¶51, 342 Wis. 2d 82, 816 N.W.2d 215 (adopting the term "predicate offense" to refer to the sexually violent offense recited in a Chapter 980 petition).

I.  FACTS AND PROCEDURAL HISTORY

¶4  The facts in this case are undisputed.  In 1993, the defendant, Joseph J. Spaeth ("Spaeth"), was convicted of first-degree sexual assault of a child ("the 1993 conviction") in violation of Wis. Stat. § 948.02(1) (1991-92).  Spaeth was paroled on the 1993 conviction in 2004.  In February 2006, Spaeth submitted to an annual polygraph examination that was required under the terms of his parole.  During the examination, Spaeth admitted that, while wrestling and tickling his minor relatives, he had "touch[ed] or brush[ed] their buttocks, breast and vaginal areas."  As a result of these statements, Spaeth's parole in the 1993 conviction was revoked.

¶5  In addition to the revocation of his parole, Spaeth's statements during the polygraph examination and his subsequent statements to police also resulted in new charges in April 2006.  In July 2007, a jury convicted Spaeth of four counts of sexual assault of a child under 13 years of age in violation of Wis. Stat. § 948.02(1) (2005-06).[3]  On October 20, 2008, Spaeth's convictions were vacated by the circuit court due to prejudicial and extraneous information in the jury room.[4]  The State amended the charges from the 2007 case, and in March 2009, Spaeth pled no contest to four counts of child enticement contrary to Wis. Stat. § 948.07(1) ("the 2009 convictions").

_____

[3] The Honorable Thomas J. Gritton presided.

[4] In June 2008, prior to the circuit court's October 2008 vacatur of the 2007 jury convictions, Spaeth was discharged from his sentence for the 1993 conviction.  However, Spaeth remained in custody as a result of the April 2006 charges.

3

¶6  On November 2, 2010, the State filed a petition to commit Spaeth as a sexually violent person pursuant to Wis. Stat. § 980.02.  The petition alleged, in pertinent part:

> The Respondent, Joseph J. Spaeth, has been convicted of a sexually violent offense(s).  Specifically, on or about July 3, 2007, in Winnebago County Circuit Court File No. 06CF350, the Respondent was convicted of four (4) counts of Child Enticement-Sexual Contact in violation of Wisconsin Statute Section 948.07(1).

Although the petition refers to convictions occurring on July 3, 2007, this appears to be an error, as Spaeth was convicted of the charges recited in the petition——four counts of child enticement——in March 2009.  As discussed above, the July 3, 2007 convictions were for four counts of sexual assault of a child, and these convictions were vacated by the circuit court on October 20, 2008.  We assume for the purposes of this opinion that the State refers to the 2009 convictions in its petition.

¶7  At the time the State's petition was filed, Spaeth was scheduled for release from detention on the 2009 convictions on November 9, 2010.  In response to the State's petition, however, Spaeth was transferred to a Department of Health and Family Services facility.

¶8  In July 2012, this court reversed Spaeth's March 2009 convictions, holding that they were derived from compelled testimony.[5]  The State dismissed the charges against Spaeth the following month.  Subsequently, the State informed the circuit

---

[5] State v. Spaeth, 2012 WI 95, ¶79, 343 Wis. 2d 220, 819 N.W.2d 769.

4

court that it intended to proceed with Spaeth's Chapter 980 commitment, and the State sought to amend the Chapter 980 petition to include Spaeth's 1993 conviction.[6] Spaeth opposed this amendment and argued that the Chapter 980 petition must be dismissed.

¶9 In September 2012, the circuit court denied the State's proposed amendment and dismissed the petition. The circuit court reasoned that, while there was "a legitimate basis for the State to bring this action" at the time the petition was filed, once the March 2009 convictions were reversed and the charges dismissed, the State could no longer rely on those convictions as a predicate offense to support its petition. In addition, the circuit court concluded that amending the petition to include the 1993 conviction would not correct the deficiency, because Spaeth was not in custody for that offense at the time the petition was filed as required under Wis. Stat. § 980.02(1m).

¶10 The State appealed the circuit court's ruling, and the court of appeals certified the appeal to this court.

## II. STANDARD OF REVIEW

¶11 Under Wis. Const. art. VII, § 3(3), by accepting a certified appeal, this court acquires jurisdiction of the entire

---

[6] The record is unclear regarding whether the State intended to replace the 2009 convictions with the 1993 conviction as the predicate offense, or to simply include the 1993 conviction as an additional predicate offense. However, in light of our holding, the distinction is irrelevant.

appeal, not merely the questions certified. State v. Henley, 2010 WI 97, ¶28, 328 Wis. 2d 544, 787 N.W.2d 350.

¶12 This case requires us to interpret Chapter 980, which governs the civil commitment of sexually violent persons. Statutory interpretation is a question of law that this court reviews de novo. Crown Castle USA, Inc. v. Orion Constr. Grp., LLC, 2012 WI 29, ¶12, 339 Wis. 2d 252, 811 N.W.2d 332. While we interpret statutes independently, we benefit from the analyses of lower courts. Id.

### III. DISCUSSION

¶13 The question before us is whether a Chapter 980 petition that was sufficient at the time it was filed is invalidated when the conviction recited in the petition is later reversed. The State argues that the validity of the petition should be assessed at the time of filing. Later reversal of the conviction recited in the petition is irrelevant, according to the State, because pursuant to this court's decision in State v. Carpenter, 197 Wis. 2d 252, 541 N.W.2d 105 (1995), and the court of appeals' decision in State v. Virlee, 2003 WI App 4, 259 Wis. 2d 718, 657 N.W.2d 106, a court should consider only the facts that existed when the petition was filed. The State maintains that its petition satisfied the statutory requirements of Wis. Stat. § 980.02(1m)-(2) because Spaeth was in custody for a sexually violent offense at the time the petition was filed. Therefore, the State contends that the circuit court improperly examined the petition based on the facts at the time the State moved to amend, rather than at the time the petition was filed.

6

¶14 Spaeth argues the circuit court properly considered the fact that his 2009 convictions were vacated, because if the predicate offense recited in the petition is no longer valid, there is no basis for Spaeth's commitment.

¶15 We conclude that the State's petition satisfies the requirements of Wis. Stat. § 980.02 and was not invalidated by the reversal of Spaeth's 2009 convictions.  We begin in Part A by reviewing the statutory requirements for Chapter 980 commitment.  In Part B, we address whether the circuit court properly dismissed the State's Chapter 980 petition.  We conclude that if a Chapter 980 petition satisfies the statutory requirements in Wis. Stat. § 980.02 at the time it is filed, it will not be invalidated if the conviction recited in the petition is later reversed.  Consequently, we determine that the State's petition should not have been dismissed.[7]

A. Requirements for Chapter 980 Commitment

¶16 Chapter 980 provides the State with a mechanism to commit, for the purpose of treatment, individuals found to be "sexually violent person[s]" to the custody of the Department of Health and Family Services.  Wis. Stat. § 980.06.  The State

---

[7] In holding that the State's petition meets the statutory requirements in Wis. Stat. § 980.02, we merely determine that the State's petition is sufficient to proceed to the next step in the Chapter 980 commitment process.  The State still bears the burden of establishing "probable cause to believe that the person named in the petition is a sexually violent person" at a probable cause hearing, Wis. Stat. § 980.04(3), and if it does so, the State must prove these allegations "beyond a reasonable doubt" at trial.  Wis. Stat. § 980.05(3)(a).

must seek this commitment by filing a petition pursuant to the requirements of Wis. Stat. § 980.02. Among other things, Wis. Stat. § 980.02 explains that a valid Chapter 980 petition must "be filed before the person is released or discharged."[8] Wis. Stat. § 980.02(1m). In addition, Wis. Stat. § 980.02(2)(a) directs that a Chapter 980 petition must allege one of the following criteria:

> 1. The person has been convicted of a sexually violent offense.
>
> 2. The person has been found delinquent for a sexually violent offense.
>
> 3. The person has been found not guilty of a sexually violent offense by reason of mental disease or defect.

The petition must also "state with particularity essential facts to establish probable cause to believe the person is a sexually violent person." Wis. Stat. § 980.02(3).

---

[8] The dissent notes that in <u>Gilbert</u>, we explained that in addition to alleging a sexually violent offense in the petition, the petition must be "'filed before the person is released or discharged' from the sentence for that sexually violent offense." <u>Gilbert</u>, 2012 WI 72, ¶51 (citing Wis. Stat. § 980.02(1m)); dissent, ¶57. We do not dispute that "the sexually violent offense that is a basis for the petition under § 980.02 must be the same offense for which the person is confined at the time of the petition's filing." Dissent, ¶57. However, the confinement requirement does not extend to the probable cause hearing under Wis. Stat. § 980.04 or trial under Wis. Stat. § 980.05. As discussed below, nothing in Chapter 980 provides that the State may produce evidence at the probable cause hearing and trial only if that evidence was first recited in the petition. Thus, the State may introduce additional evidence at these proceedings not connected to the individual's confinement at the time the petition was filed.

¶17 Once a Chapter 980 petition is filed, the circuit court "shall hold a hearing to determine whether there is probable cause to believe that the person named in the petition is a sexually violent person." Wis. Stat. § 980.04(2a). If probable cause is found, a trial must commence within 90 days after the probable cause hearing. Wis. Stat. § 980.05(1). At trial, the State "has the burden of proving beyond a reasonable doubt that the person who is the subject of the petition is a sexually violent person." Wis. Stat. § 980.05(3)(a). "If a court or jury determines that [the individual] is a sexually violent person" under the statutory definition, then the court must order commitment pursuant to Wis. Stat. § 980.06.

¶18 We now turn to the sufficiency of the State's Chapter 980 petition and examine whether the petition was invalidated by this court's reversal of Spaeth's 2009 convictions.[9]

B. The State's Chapter 980 Petition

¶19 In its petition, the State explained Spaeth had been convicted of a sexually violent offense, and he was in custody for that offense at the time the petition was filed. The circuit court nevertheless dismissed the State's Chapter 980 petition because the 2009 convictions were later reversed and the case dismissed.

¶20 We conclude that the circuit court erred in dismissing the Chapter 980 petition based on the fact that the underlying

---

[9] As discussed supra ¶6, we assume the convictions recited in the petition are Spaeth's 2009 convictions.

9

predicate offense was later vacated. To determine whether a Chapter 980 petition meets the statutory requirements in Wis. Stat. § 980.02, a court should consider the sufficiency of the allegations in the petition at the time the petition was filed. Subsequent facts that impact the status of the allegations in the petition may be relevant at trial under Wis. Stat. § 980.05, but they will not invalidate a petition that met the requirements of Wis. Stat. § 980.02 at the time of filing. In reaching this conclusion, we examine the statute's plain language, relevant precedent, and finally, Chapter 980's underlying purpose.

### 1. Petitions Filed Under Wis. Stat. § 980.02

¶21 We begin our analysis by examining the statutory requirements to file a Chapter 980 petition in Wis. Stat. § 980.02. Statutory interpretation "begins with the language of the statute. If the meaning of the statute is plain, we ordinarily stop the inquiry." State ex rel. Kalal v. Circuit Court for Dane Cnty., 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110 (quoting Seider v. O'Connell, 2000 WI 76, ¶43, 236 Wis. 2d 211, 612 N.W.2d 659). In addition to the plain language of the statute, "scope, context, and purpose are perfectly relevant to a plain-meaning interpretation of an unambiguous statute . . . ." Id. at ¶48.

¶22 Wisconsin Stat. § 980.02(1m) provides that a Chapter 980 petition must "be filed before the person is released or discharged." (Emphasis added). To assess whether the custody requirement in Wis. Stat. § 980.02(1m) is satisfied, a court

10

must simply ask whether the petition was filed while the person was still in custody for the predicate offense.   Nothing in Chapter 980 suggests that a subsequent change in circumstances must render the petition invalid.[10]   Likewise, Wis. Stat. § 980.02(2) provides that "[a] petition filed under this section shall allege" a predicate offense.   The provision does not state that later reversal of the conviction for the predicate offense will invalidate the petition, and we will not read requirements into a statute that do not exist.   If the statutory requirements are met, the State may proceed to a probable cause hearing,

---

[10] On the contrary, various provisions in Chapter 980 demonstrate that a subsequent reversal of the conviction recited in a petition does not automatically invalidate the petition. For instance, Wis. Stat. § 980.101 addresses the scenario where an individual has been committed under Chapter 980 and the conviction for the predicate offense recited in the petition is later reversed.   The statute explains that if "there are other judgments relating to a sexually violent offense committed by the person that have not been reversed, set aside, or vacated" and that were not recited in the State's initial petition for commitment, "the court shall determine whether to grant the person a new trial . . . ."   Wis. Stat. § 980.101(2)(b). Although this provision does not apply here because Spaeth has not been committed at trial, it demonstrates that reversal of a conviction for a predicate offense will not conclusively terminate the State's petition.   See State ex rel. Kalal v. Circuit Court for Dane Cnty., 2004 WI 58, ¶46, 271 Wis. 2d 633, 681 N.W.2d 110 ("statutory language is interpreted . . . not in isolation but as part of a whole . . . .").   Moreover, § 980.101(2)(b) informs us this is especially true in cases such as Spaeth's, where the State can point to an additional conviction for a sexually violent offense to support commitment.

Other provisions in Chapter 980 permit commitment of an individual who has never been convicted of a sexually violent offense at all.   See Wis. Stat. §§ 980.01(7), .02(2)(a)(3) (allowing Chapter 980 commitment for individuals found not guilty due to insanity, illness, or mental disease or defect).

11

where it must establish "probable cause to believe that the person named in the petition is a sexually violent person." Wis. Stat. § 980.04(2)(a).

¶23 The dissent alleges that the petition is invalid because a vacated conviction cannot "support probable cause to believe the person is a sexually violent person" as required under Wis. Stat. § 980.02(3). Dissent, ¶58. We disagree. The relevant inquiry is whether, at the time of filing, the facts recited in the petition satisfied the statutory requirements in Wis. Stat. § 980.02. Here, the petition relied on a conviction for a sexually violent offense that was vacated nearly two years after the petition was filed. Thus, at the time of filing, the petition recited sufficient facts to satisfy the probable cause standard in Wis. Stat. § 980.02(3).

¶24 We further note that the requirements in Wis. Stat. § 980.02 pertain to the petition only. In asking whether a petition satisfies this statutory provision, we do not look ahead to the standard for a probable cause hearing under Wis. Stat. § 980.04 or a trial under Wis. Stat. § 980.05, which will necessarily contain testimony and other evidence that may differ from the bare bones allegations in the State's petition. If the strength of the State's case has changed because the conviction in the petition was reversed, that becomes a matter to be considered by the trier of fact, beginning with the probable cause hearing. Wisconsin Stat. § 980.04(2)(a) unequivocally states, "[w]henever a petition is filed under s. 980.02, the court shall hold a hearing to determine whether there is

12

probable cause to believe that the person named in the petition is a sexually violent person." (Emphasis added).

¶25 The dissent also asserts that "[t]he offense listed in the petition is the offense on which the state must defend its petition and then demonstrate probable cause." Dissent, ¶61. To address the dissent's position, we will begin by briefly discussing the statutory history of Chapter 980. In 2006, the legislature amended the proof requirement in Wis. Stat. § 980.05(3)(a). Prior to this amendment, the statute provided: "At a trial on a petition under this chapter, the petitioner has the burden of proving the allegations in the petition beyond a reasonable doubt." Wis. Stat. § 980.05(3)(a) (2003-04). However, subsequent to the 2006 amendment, the State is now required to prove only "that the person who is the subject of the petition is a sexually violent person." Wis. Stat. § 980.05(3)(a). The State is thus no longer limited to the facts in its petition in order to establish a case for commitment at trial.

¶26 While the amendment of Wis. Stat. § 980.05(3)(a) pertained only to Chapter 980 trials, no parallel requirement ever existed for a probable cause hearing under Wis. Stat. § 980.04 that would preclude the State from introducing evidence not recited in the petition. Thus, the State is not foreclosed from producing additional evidence at either the probable cause hearing or at trial, or both, to support its petition.

¶27 The dissent can point to no provision in Chapter 980 that confines the State to its allegations in the petition

13

during later proceedings. Indeed, such a restriction would unnecessarily inhibit the State by prohibiting the introduction of evidence that may emerge after the State's petition has been filed, such as additional sexually violent conduct. Our role is to interpret statutes as they are written. If the legislature wishes to amend the statute, it may do so, but unlike the dissent, we will not base our interpretation of unambiguous statutory language on what the legislature "suggest[ed]"[11] or "impl[ied]."[12] We are charged simply with determining whether the State's petition met the statutory requirements in Chapter 980, and the answer is plainly, "yes."[13]

2. Application of Wis. Stat. § 980.02 in Prior Cases

¶28 Our statutory interpretation of Chapter 980 is consistent with precedent concluding that a later change in circumstances will not invalidate a petition if it was valid at the time of filing. For instance, in State v. Carpenter, 197 Wis. 2d 252, the Department of Corrections ("DOC") recalculated the defendant's mandatory release date based on a court of

---

[11] Dissent, ¶¶57, 59.

[12] Dissent, ¶56.

[13] We note this court has previously held that Spaeth's statements leading to the 2009 convictions constituted compelled testimony, the fruits of which are inadmissible at trial. Spaeth, 343 Wis. 2d 220, ¶¶58, 67. Thus, the State must rely on other evidence to establish "probable cause to believe that the person named in the petition is a sexually violent person" at the probable cause hearing, and, if it is successful in so doing, to prove its allegations "beyond a reasonable doubt" at trial. Wis. Stat. §§ 980.04(3), .05(3)(a).

14

appeals decision that was later reversed by this court. We examined the facts as they existed "[a]t the time the petition was initiated" and concluded that the State's Chapter 980 petition was valid even though, as in this case, the defendant's detention was predicated upon a decision that was later reversed. Id. at 275. We explained, "[t]he fact that this court ultimately reversed the court of appeals' decision does not render the DOC['s detention] 'illegal.'" Id.

¶29 Carpenter was subsequently applied by the court of appeals in State v. Virlee, 259 Wis. 2d 718. In Virlee, the defendant was awarded a sentence credit that moved his mandatory release date to a date prior to when the State filed its Chapter 980 petition. Nevertheless, the court of appeals determined that the State satisfied the requirements in Wis. Stat. § 980.02 because the petition was valid at the time it was filed. The court reasoned that "the trial court's subsequent modification of Virlee's sentence does not change the fact the State filed the petition within ninety days[14] of his actual release from prison." Id., ¶18. Likewise, our reversal of Spaeth's 2009 convictions——which were the predicate offenses in the State's Chapter 980 petition——does not somehow immunize Spaeth from a potential Chapter 980 commitment when he was in custody for a sexually violent offense at the time the State filed its petition.

---

[14] Chapter 980 was amended in 2006. Prior to the amendment, the statute required a petition to be filed when "[t]he person is within 90 days of discharge or release . . . ." Wis. Stat. § 980.02(2)(ag) (2003-04).

15

¶30 As we explained in State v. Gilbert, there are only two means by which a court may dismiss a Chapter 980 petition: "1) failure to find probable cause 'to believe that the person is a sexually violent person' under § 980.04(3), or 2) failure to prove 'beyond a reasonable doubt that the person is a sexually violent person' under § 980.05(5)." State v. Gilbert, 2012 WI 72, ¶29, 342 Wis. 2d 82, 816 N.W.2d 215. Later reversal of the conviction for the predicate offense recited in the petition, without more, is simply not an appropriate ground for dismissal of the petition.[15]

### 3. The Purpose of Chapter 980

¶31 We may also look to a statute's purpose in examining its plain meaning. Kalal, 271 Wis. 2d 633, ¶48 (A statute's "purpose [is] perfectly relevant to a plain-meaning interpretation of an unambiguous statute . . . ."). The primary goals of Chapter 980 are "1) the treatment of sexually violent persons, and 2) the protection of society from those persons." Gilbert, 342 Wis. 2d 82, ¶23. Our reasoning is consistent with, and supports, the purpose of Chapter 980.

¶32 The State is required to file its Chapter 980 petition "before the person is released or discharged." Wis. Stat. § 980.02(1m). The State is aided in satisfying this requirement by Wis. Stat. § 980.015, which requires the agency with custody over a sexually violent offender to notify the State within 90

---

[15] This is in part because, under Wis. Stat. § 980.04(2)(a), a probable cause hearing must be held "[w]henever a petition is filed . . . ."

days of the prisoner's impending discharge or release.  Wis. Stat. § 980.015(2)(a).  The practical effect of this provision is the State will generally have a 90-day window in which to file its Chapter 980 petition and pursue commitment of an individual that it believes is sexually violent.  It is therefore essential for the State to be able to rely on the facts as they exist at the time the petition is filed.

¶33  As illustrated by Carpenter and Virlee, any number of conceivable circumstances may arise after a Chapter 980 petition has been filed that relate to its underlying allegations.  Under Spaeth's reasoning, if such circumstances arise after the individual has been released from custody, the State would be unable to pursue commitment of the individual even though it complied with all the statutory requirements in Chapter 980.  In other words, if a later change in circumstances could invalidate a petition that was otherwise valid at the time of filing, the State would be at risk of losing its ability to commit a sexually violent person through no fault of its own, and even though the State met all the statutory requirements to proceed to commitment.  Such an outcome would be contrary to the primary purpose of Chapter 980, which is "to treat sexually violent persons and to protect society from the dangers posed by those persons."  State v. West, 2011 WI 83, ¶27, 336 Wis. 2d 578, 800 N.W.2d 929; see also Kalal, 271 Wis. 2d 633, ¶46 (We must interpret statutes "reasonably, to avoid absurd or unreasonable results").

4. Application

17

¶34 Applying our reasoning to the facts of this case, we conclude that the State's petition met the statutory requirements at the time it was filed and should not have been dismissed.[16] First, the petition was filed before Spaeth was "released or discharged" pursuant to Wis. Stat. § 980.02(1m). In addition, Spaeth was "convicted of a sexually violent offense"——the 2009 convictions——pursuant to Wis. Stat. § 980.02(2)(a)(1). The State filed a valid petition based on the facts as they existed at the time. The fact that Spaeth's conviction was later overturned unquestionably impacts the strength of the State's case for his commitment, but this does not negate the validity of the State's petition at the time of filing.

## IV. CONCLUSION

¶35 We hold that the sufficiency of a Chapter 980 petition should be assessed as of the time of filing. At the time the State's petition was filed, the statutory requirements in Wis. Stat. § 980.02 were satisfied. We therefore hold that the Chapter 980 petition to commit Spaeth should not have been dismissed. Accordingly, we reverse the circuit court's order to

---

[16] The State makes the alternative argument that, even if the petition was insufficient because the 2009 convictions were reversed, the circuit court nevertheless erred in denying its motion to amend the petition and include the 1993 conviction. Because we conclude that the State's petition met the statutory requirements and should not have been dismissed, we need not address whether the State should have been granted leave to amend.

dismiss the petition, and we remand for further proceedings consistent with this opinion.

*By the Court.*—The order of the circuit court is reversed, and the cause is remanded.

¶36 DAVID T. PROSSER, J. *(dissenting).* The question presented in this case is whether a petition filed pursuant to Wis. Stat. § 980.02 (Chapter 980 petition) for the civil commitment of a sexually violent person must be dismissed when the conviction for the predicate offense has been reversed and the charges dismissed. The majority concludes that when assessing a Chapter 980 petition, a reviewing court may focus on the sufficiency of the petition solely at the time it was filed, Majority op., ¶35, enabling the State to prove a different sexually violent offense at the probable cause hearing and at trial, even if the different sexually violent offense could not have been listed in the original petition. Because I strongly disagree with this conclusion and believe that a petition must remain viable in its original form or be amended to make it viable, I respectfully dissent.

### FACTUAL AND PROCEDURAL BACKGROUND

¶37 Joseph J. Spaeth (Spaeth) was charged with first-degree sexual assault of a child[1] in 1992 and convicted of the offense in 1993 (1993 conviction). Twice, on January 9, 2003, and again on July 12, 2004, a Department of Corrections (DOC) evaluator determined that Spaeth did not meet the criteria for commitment under Wis. Stat. ch. 980; thus, on August 8, 2004, DOC released Spaeth on parole.

¶38 Eighteen months later, on February 15, 2006, Spaeth was directed to meet with his parole agent to participate in a compulsory polygraph examination. During the examination

---

[1] Wis. Stat. § 948.02(1) (1991-92).

process, he admitted to his agent that he "may have brushed up against his nieces and nephews [sic] vaginas or butts or breast area." State v. Spaeth, 2012 WI 95, ¶11, 343 Wis. 2d 220, 819 N.W.2d 769. Inasmuch as Spaeth was prohibited from having unsupervised contact with minors and engaging in physical contact with minors, the agent immediately commenced parole revocation proceedings by asking Oshkosh police to take Spaeth into custody. Id., ¶¶9-11.

¶39 On May 8, 2006, the Wisconsin Division of Hearings and Appeals revoked Spaeth's parole for the 1993 conviction. He was eventually discharged from the 1993 conviction in June 2008.

¶40 It should be noted that the State could have filed a Chapter 980 petition against Spaeth before he was discharged in 2008. But the State had different plans.

¶41 When Oshkosh police took Spaeth into custody on the parole revocation hold, they questioned him to provide grounds for new criminal charges. After receiving a Miranda[2] warning, Spaeth admitted to an Oshkosh detective that on February 11, 2006, he started tickling his niece at his brother's house, and "his hand brushed up against her vagina, buttocks, and chest." He indicated that a similar incident took place on February 14, 2006, with three of his nieces.

¶42 On April 25, 2006, the State filed a complaint charging Spaeth with four counts of sexual assault of a child under 13 years of age as a persistent repeater contrary to Wis. Stat. §§ 948.02(1), 939.50(3)(b), 939.62(2m)(b)2. On July 3,

---

[2] Miranda v. Arizona, 384 U.S. 436 (1966).

2

2007, a jury found Spaeth guilty on all four counts, and a judgment of conviction was filed on July 5, 2007 (2007 convictions).

¶43 On October 20, 2008, the circuit court vacated Spaeth's 2007 convictions because it discovered that the jury had been exposed to prejudicial information regarding Spaeth's status as a convicted sex offender. See Spaeth, 343 Wis. 2d 220, ¶24.

¶44 On March 13, 2009, Spaeth pled no contest to four counts of child enticement contrary to Wis. Stat. § 948.07(1) (2005-06). The court entered a judgment of conviction on those four counts on May 8, 2009 (2009 convictions). The court sentenced Spaeth to five years of initial confinement and ten years of extended supervision for each count, to run concurrently with all other counts. Because of the length of his custody before these convictions, Spaeth was eligible for 1254 days of sentence credit.

¶45 On October 22, 2010, a DOC evaluator created a report diagnosing Spaeth with paraphilia not otherwise specified[3]—a condition that the evaluator believed qualified as a mental disorder under Wis. Stat. ch. 980. Thereafter, on November 2,

---

[3] The evaluator stated, "The essential features of a Paraphilia are recurrent, intense sexually arousing fantasies, sexual urges, or behaviors generally involving 1) nonhuman objects, 2) the suffering or humiliation of oneself or one's partner, or 3) children or other nonconsenting persons, that occur over a period of at least 6 months." The "not otherwise specified" designation means that the person's presentation is consistent with the general guidelines for a mental disorder but that there are atypical or mixed symptoms.

2010, the State filed a Chapter 980 petition to commit Spaeth as a "sexually violent person." The petition alleged the 2009 convictions as the "predicate offense"[4] and noted that Spaeth was set to be released from the sentence imposed for these convictions on or about November 9, 2010. In response to the Chapter 980 petition, the circuit court issued an order transferring Spaeth from DOC to a facility approved by the Department of Health and Family Services (DHFS).

¶46 Spaeth had appealed his 2009 convictions. On July 13, 2012, this court reversed these convictions on grounds that they were derived from compelled testimony to his parole agent and therefore could not be used against Spaeth in a later criminal trial. Spaeth, 343 Wis. 2d 220, ¶79. When the case was remanded to Winnebago County, the district attorney dismissed the charges. The reversal and the dismissal wholly vacated the 2009 convictions.

¶47 Despite the reversal of the predicate offense and the dismissal of those charges, the State filed a letter with the circuit court on August 15, 2012, asserting that the State intended to proceed with the Chapter 980 petition. In the letter, the State said that it would rely on the 1993 conviction to prove that Spaeth is a sexually violent person.

---

[4] For the predicate offense, the petition alleged that "on or about July 3, 2007, in Winnebago County Circuit Court File No. 06CF350, the Respondent was convicted of four (4) counts of Child Enticement-Sexual Contact in violation of Wisconsin Statute Section 948.07(1)." Spaeth was actually convicted of the four counts of child enticement in 2009.

4

¶48 On August 16, 2012, Spaeth responded to the State in a letter that was treated as a motion to dismiss. Spaeth argued that the 2009 convictions were the only offenses listed in the Chapter 980 petition, and they could not form the basis for commitment because those convictions were reversed. In addition, Spaeth contended that since he had been discharged from the sentence for the 1993 conviction, that conviction could not be the predicate offense, as he was not in prison for that offense when the Chapter 980 petition was filed.

¶49 The circuit court granted Spaeth's motion to dismiss in a written order on September 7, 2012. The court agreed with Spaeth that the dismissed 2009 convictions could not be the predicate offense for the Chapter 980 petition, and the State could not amend the petition to use the 1993 case as the predicate offense because Spaeth was not in custody for that offense when the petition was filed.[5] The court stayed its order pending appeal. Thus, during this entire appeal, Spaeth has remained at Sand Ridge Secure Treatment Center under the supervision of DHFS.

### INTERPRETATION OF CHAPTER 980

¶50 This case requires an interpretation of Wis. Stat. ch. 980. "[S]tatutory interpretation 'begins with the language of the statute.'" State ex rel. Kalal v. Circuit Court for Dane Cnty., 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110 (citations omitted). We interpret statutory language in context

---

[5] See supra, paragraph 40.

and "to avoid absurd or unreasonable results." Id., ¶46 (citations omitted).

¶51 Chapter 980 allows the state to petition for the civil commitment of sexually violent persons. See generally Wis. Stat. ch. 980; see also State v. Carpenter, 197 Wis. 2d 252, 259, 541 N.W.2d 105 (1995). The term "sexually violent person" is defined in the chapter as follows:

> "Sexually violent person" means a person who has been convicted of a sexually violent offense, has been adjudicated delinquent for a sexually violent offense, or has been found not guilty of or not responsible for a sexually violent offense by reason of insanity or mental disease, defect, or illness, and who is dangerous because he or she suffers from a mental disorder that makes it likely that the person will engage in one or more acts of sexual violence.

Wis. Stat. § 980.01(7).

¶52 As noted, the commitment process begins with the filing of a petition, under Wis. Stat. § 980.02. Section 980.02(2) reads in part:

> (2) A petition filed under this section shall allege that all of the following apply to the person alleged to be a sexually violent person:
>
> (a) The person satisfies any of the following criteria:
>
> 1. The person has been convicted of a sexually violent offense.[6]
>
> . . . .
>
> (b) The person has a mental disorder.

---

[6] "Sexually violent offense" is defined in Wis. Stat. § 980.01(6), which lists qualifying offenses.

6

> (c) The person is dangerous to others because the person's mental disorder makes it likely that he or she will engage in acts of sexual violence.

Notably, the elements that must be listed in the petition are the same elements needed to prove that someone is a "sexually violent person." Compare Wis. Stat. § 980.02(2)(a)-(c), with Wis. Stat. § 980.01(7).

¶53 Subsection (3) of § 980.02 then reads:

> A petition filed under this section shall state with particularity essential facts to establish probable cause to believe the person is a sexually violent person. If the petition alleges that a sexually violent offense or act that is a basis for the allegation under sub. (2)(a) was an act that was sexually motivated as provided under s. 980.01(6)(b), the petition shall state the grounds on which the offense or act is alleged to be sexually motivated.

¶54 Neither of these subsections——(2) or (3)——contains any temporal condition. But subsection (1m) does: "A petition filed under this section shall be filed before the person is released or discharged." Wis. Stat. § 980.02(1m).

¶55 Subsection (1m) is linked to Wis. Stat. § 980.015(2), which reads in part:

> (2) If an agency with jurisdiction has control or custody over a person who may meet the criteria for commitment as a sexually violent person, the agency with jurisdiction shall inform each appropriate district attorney and the department of justice regarding the person as soon as possible beginning 90 days prior to the applicable date of the following:
>
> (a) The anticipated discharge or release, on parole, extended supervision, or otherwise, from a sentence of imprisonment or term of confinement in prison that was imposed for a conviction for a sexually violent offense . . . .

7

¶56 The provisions quoted above imply that Wis. Stat. ch. 980 follows a linear progression from notice that the person will be released from custody for conviction of a sexually violent offense to the filing of a petition to commit the person as a sexually violent person. The petition must identify the sexually violent offense, stating "with particularity essential facts to establish probable cause." Wis. Stat. § 980.02(3).

¶57 Previously, this court interpreted Wis. Stat. § 980.02(1m) to mean that the petition must be filed before the person is released or discharged from the predicate offense listed in the ch. 980 petition. See State v. Gilbert, 2012 WI 72, ¶51, 342 Wis. 2d 82, 816 N.W.2d 215. In Gilbert, the court stated that Wis. Stat. § 980.02(1m)-(2) "requires, inter alia, that the State prove that the person 'has been convicted of a sexually violent offense,' § 980.02(2)(a)1., and that the ch. 980 petition must be 'filed before the person is released or discharged' from the sentence for that sexually violent offense, § 980.02(1m)." Id., ¶51 (emphasis added). The statutory context and the court's statement in Gilbert strongly suggest that the sexually violent offense that is a basis for the petition under § 980.02 must be the same offense for which the person is confined at the time of the petition's filing. Moreover, to establish that the subject of the petition is a "sexually violent person," the state must show that the person has been convicted of the offense listed in the petition. Id.

¶58 As noted above, a Chapter 980 petition must allege that all of the following apply:

(a) The person satisfies any of the following criteria:

1. The person has been convicted of a sexually violent offense.

. . . .

(b) The person has a mental disorder.

(c) The person is dangerous to others because the person's mental disorder makes it likely that he or she will engage in acts of sexual violence.

Wis. Stat. § 980.02(2). Admittedly, § 980.02(2)(a)1. appears to require only an allegation that "[t]he person has been convicted of a sexually violent offense." Id. (emphasis added). However, the statute goes on to require that the "petition . . . shall state with particularity essential facts to establish probable cause to believe the person is a sexually violent person." Wis. Stat. § 980.02(3). Thus, the statute connects the allegation of the sexually violent offense in the petition to the probable cause determination at the hearing. Consequently, the allegations in the petition must support probable cause to believe the person is a sexually violent person. If the predicate offense listed in the petition is not a valid conviction, the petition is insufficient under Wis. Stat. § 980.02(3).

¶59 After the Chapter 980 petition is filed, "the court shall review the petition to determine whether to issue an order for detention of the person who is the subject of the petition." Wis. Stat. § 980.04(1) (emphasis added). Thus, the court's determination regarding detention is tied to the predicate offense listed in the petition. The court must also "determine

9

whether there is probable cause to believe that the person named in the petition is a sexually violent person." Wis. Stat. § 980.04(2)(a). The requirement in Wis. Stat. § 980.02(3) that the petition allege facts to establish probable cause suggests that the probable cause determination must be based on the allegations in the petition. It is unlikely that the court would approve going to a probable cause hearing on one offense and then make a probable cause finding on a completely different offense.

¶60 Finally, at trial, "the petitioner has the burden of proving beyond a reasonable doubt that the person who is the subject of the petition is a sexually violent person." Wis. Stat. § 980.05(3)(a). If the fact finder determines that the person is a sexually violent person, "the court shall enter a judgment on that finding and shall commit the person as provided under s. 980.06." Wis. Stat. § 980.05(5).

¶61 Looking at the statute as a whole, it is evident that Chapter 980 centers around the sexually violent offense for which a person is confined at the time a Chapter 980 petition is filed. The agency with custody of the person must give notice to the department of justice and the district attorney that the person is about to be discharged or released from that sexually violent offense. Wis. Stat. § 980.015(2). The statute contemplates the state using that offense as the predicate offense. The offense listed in the petition is the offense on which the state must defend its petition and then demonstrate probable cause.

¶62 The majority asserts that this reading of the statute is mistaken——that the petition is separate from the probable cause hearing and the trial and that the predicate offense in the petition may be completely abandoned at the probable cause hearing and the trial.

## THE PETITION TO COMMIT SPAETH

¶63 The State's petition to commit Spaeth was valid at the time it was filed in November 2010 because, at that time, Spaeth had been convicted of a sexually violent offense (the 2009 convictions) and he was in confinement for that sexually violent offense.

¶64 The problem is that the listed predicate offense in the petition has been reversed and dismissed. It was reversed and dismissed before the circuit court made any finding of probable cause, and, of course, Spaeth's case never went to trial. Thus, however valid the petition was when it was filed, it will not be valid in a future probable cause hearing. The State cannot meet its burden by showing that Spaeth was convicted of a sexually violent offense that has been vacated.

¶65 Consequently, the State appears to have only two options in this case. The State can amend the petition in a manner that complies with the requirements of the statute, or it can persuade a court to interpret the statute so that there need be no connection between the sexually violent offense named in the petition and the sexually violent offense established at some later hearing. In short, either the petition must be amended so that the State can prove its essential elements, or

11

the petition must be severed from future proceedings so that the State may prove a different offense.

¶66 The majority has chosen the second option. In my view, only the first option is permitted. If the State is unable to amend the petition, the petition is deficient and must be dismissed.

¶67 The reason the State's options are limited is obvious. The State cannot proceed on a petition that relies on a vacated sexually violent offense. It is inconceivable that the State would ask a court to find probable cause that a person has been convicted of a sexually violent offense that has been reversed and dismissed. If this were possible, the State could proceed on an offense that was reversed after the person was exonerated on the basis of DNA evidence or reversed because of other indicia of actual innocence.

¶68 There are certainly situations in which an overturned conviction for a predicate offense may be retried. In such a case, a Chapter 980 petition may be filed during the person's confinement if the person is again convicted of a sexually violent offense. That was not possible in this case because the State had virtually no evidence with which to retry Spaeth, and thus it dismissed the charges against him.

¶69 Hence, it is necessary to examine the other options.

AMENDMENT

¶70 The State should be able to amend its petition so long as it is able to comply with the terms of the statute. This means that the State should be able to substitute a different

12

sexually violent offense for the one in the petition <u>so long as</u> <u>the person named in the petition was being "confined" for the</u> <u>substituted offense at the time the petition was filed</u>.

¶71 The confinement prerequisite is set out in Wis. Stat. § 980.015(2):

> (2) If an agency with jurisdiction has control or custody over a person who may meet the criteria for commitment as a sexually violent person, the agency with jurisdiction shall inform each appropriate district attorney and the department of justice regarding the person as soon as possible beginning 90 days prior to the applicable date of the following:
>
> (a) The anticipated discharge or release, on parole, extended supervision, or otherwise, from a sentence of imprisonment or term of confinement in prison that was imposed for a conviction for a sexually violent offense, from a continuous term of incarceration, any part of which was imposed for a sexually violent offense, or from a placement in a Type 1 prison under s. 301.048(3)(a)1., any part of which was required as a result of a conviction for a sexually violent offense.
>
> (b) The anticipated release from a juvenile correctional facility, as defined in s. 938.02(10p), or a secured residential care center for children and youth, as defined in s. 938.02(15g), if the person was placed in the facility as a result of being adjudicated delinquent under s. 48.34, 1993 stats., or under s. 938.183 or 938.34 on the basis of a sexually violent offense.
>
> (c) The anticipated release of a person on conditional release under s. 971.17, the anticipated termination of a commitment order under 971.17, or the anticipated discharge of a person from a commitment order under s. 971.17, if the person has been found not guilty of a sexually violent offense by reason of mental disease or defect.
>
> (d) The anticipated release on parole or discharge of a person committed under ch. 975 for a sexually violent offense.

Wis. Stat. § 980.015(2).[7]

¶72 Paragraphs (a), (b), (c), and (d) all deal with persons about to be released from confinement for a sexually violent offense. Each person is confined for a sexually violent offense or for a sexually violent offense combined with one or more other offenses. Paragraph (a) speaks of a person who is about to be discharged or released "from a continuous term of incarceration, any part of which was imposed for a sexually violent offense." Wis. Stat. § 980.015(2)(a) (emphasis added). This language contemplates confinement for more than one sexually violent offense or confinement for a sexually violent offense and some other offense.

¶73 There is a reason why a person's confinement for a sexually violent offense at the time a Chapter 980 petition is filed is essential to the statutory scheme. Chapter 980 commitment is a major departure from normal procedure. Normally, when a defendant completes the period of confinement required by his sentence, he is discharged or released into the community. Release under supervision is part of a standard bifurcated sentence. Outright discharge usually means that a person has "paid his debt to society" and is no longer under supervision.

¶74 Chapter 980 was designed to deal with the relatively small number of persons who are considered so dangerous that they must remain in confinement. The State asserts that these

---

[7] Wisconsin Stat. § 980.015(2) was expanded substantially in 2006 by 2005 Wisconsin Act 434, §§ 75-78.

persons have a mental disorder that makes it likely that they will engage in additional acts of sexual violence. The State is required to prove to a neutral fact finder that the subject of the petition is a sexually violent person beyond a reasonable doubt. Wis. Stat. § 980.05(3)(a).

¶75 If the State has already released a person from confinement, it cannot easily contend that the person must still be confined. The State's argument would be inconsistent with its action. If a person has been released from state confinement, future state action must be grounded in what the person does in the community, not on predictions of what the person is likely to do. The prerequisite of confinement for a sexually violent offense also assures that people are not subject to commitment many years after they have been released from confinement in connection with a sexually violent offense.

¶76 In sum, Wis. Stat. § 980.015(2) requires that the sexually violent offense named in a Chapter 980 petition be a sexually violent offense on which the person was confined at the time of filing. The statute sets a standard; it has been revised to allow some flexibility. The State cannot disregard this statutory prerequisite because it does not like the result any more than it can disregard the fact that its authority to file a petition is fundamentally diminished once it releases a person from confinement.

¶77 Once again, the State could have filed a Chapter 980 petition while Spaeth was still in confinement for the 1993 conviction. It did not do so. It could have retried Spaeth on

15

the 2009 convictions if it had the ability to do so. It didn't. The State's present predicament was created by the State and does not justify rewriting the statute.

### THE MAJORITY OPINION

¶78 The majority disagrees and adopts the other option. It does not dismiss the petition or try to justify amending the petition. It looks backward, concluding that "[a]t the time the State's petition was filed, the statutory requirements in Wis. Stat. § 980.02 were satisfied. We therefore hold that the Chapter 980 petition to commit Spaeth should not have been dismissed." Majority op., ¶3. The case is remanded to the circuit court.

¶79 What the majority opinion fails to do is to look forward and provide clear guidance to the parties and the court.

¶80 The majority reports that "the State informed the circuit court that it intended to proceed with Spaeth's Chapter 980 commitment, and the State sought to amend the Chapter 980 petition to include Spaeth's 1993 conviction." Id., ¶8 (emphasis added). In a footnote, the majority adds, "The record is unclear regarding whether the State intended to replace the 2009 convictions with the 1993 conviction as the predicate offense, or to simply include the 1993 conviction as an additional predicate offense. However, in light of our holding, the distinction is irrelevant." Id., ¶8 n.6.

¶81 The majority cannot duck the responsibility of determining whether the State can rely in any respect on the

16

2009 convictions as it goes forward to a probable cause hearing and a trial. The majority acknowledges:

> [T]his court has previously held that Spaeth's statements leading to the 2009 convictions constituted compelled testimony, the fruits of which are inadmissible at trial. Thus, the State must rely on other evidence to establish "probable cause to believe that the person named in the petition is a sexually violent person" at the probable cause hearing, and, if it is successful in so doing, to prove its allegations "beyond a reasonable doubt" at trial.

Majority op., ¶27 n.13 (citations omitted). But it also interprets Wis. Stat. §§ 980.04(3) and 980.05(3)(a), saying that "the State is not foreclosed from producing additional evidence at either the probable cause hearing or at trial, or both, to support its petition." Id., ¶26; see also id., ¶16 n.8 (stating that "the State may introduce additional evidence at these proceedings not connected to the individual's confinement at the time the petition was filed"). The majority has not absolutely prohibited all use of the 2007 and 2009 "convictions" at the probable cause hearing or trial.

¶82 The majority should also discuss whether the petition can be amended or should be amended, so that the subject of the formerly valid petition has notice of what the State intends to prove.

¶83 The majority clearly understands that there had been no probable cause hearing and no trial. Looking forward, the State must show probable cause that Spaeth "has been convicted of a sexually violent offense." That offense cannot be the 2009 convictions, which were vacated. The only other conviction is

17

the 1993 conviction, but Spaeth was not in confinement for that conviction when the petition was filed.

¶84 The court must be saying that the State can rely on the 1993 conviction at his probable cause hearing and at his trial. This is completely abandoning the language relating to the probable cause hearing and the rationale of the statute. It is saying that once the State gets to the probable cause hearing, it can rely on any sexually violent offense, no matter what the circumstances, no matter how old the offense. Once the "conviction of a sexually violent offense" is cut from its statutory moorings, the State may prove any such offense that resulted in a conviction. Unless the majority requires some valid charging document such as an amended petition, the State has not given notice of the basis for the commitment proceeding and arguably may abandon any allegations in the formerly valid petition that it no longer wishes to utilize in its effort to commit Spaeth.

¶85 The majority attempts to justify this result by citing irrelevant authority. For instance, the majority references Wis. Stat. § 980.101(2)(b) to suggest that a reversal of a conviction for the predicate offense and the dismissal of the charges do not necessarily invalidate the Chapter 980 petition. Majority op., ¶22 n.10. Section 980.101(2)(b) reads:

> If the sexually violent offense was the sole basis for the allegation under s. 980.02(2)(a) but there are other judgments relating to a sexually violent offense committed by the person that have not been reversed, set aside, or vacated, or if the sexually violent offense was not the sole basis for the allegation under s. 980.02(2)(a), the court shall

18

determine whether to grant the person a new trial under s. 980.05 because the reversal, setting aside, or vacating of the judgment for the sexually violent offense would probably change the result of the trial.

Wisconsin Stat. § 980.101(2)(b). comes into play only <u>after</u> the state has complied with all sections of Wis. Stat. ch. 980 and obtained a commitment.[8] In those circumstances, the vacatur does

---

[8] Wisconsin Stat. § 980.101(2) reads:

(2) If, <u>at any time after a person is committed under s. 980.06</u>, a judgment relating to a sexually violent offense committed by the person is reversed, set aside, or vacated and that sexually violent offense was a basis for the allegation made in the petition under s. 980.02(2)(a), the person may bring a motion for postcommitment relief in the court that committed the person. The court shall proceed as follows on the motion for postcommitment relief:

(a) If the sexually violent offense was the sole basis for the allegation under s. 980.02(2)(a) and there are no other judgments relating to a sexually violent offense committed by the person, the court shall reverse, set aside, or vacate the judgment under s. 980.05(5) that the person is a sexually violent person, vacate the commitment order, and discharge the person from the custody of the department.

(b) If the sexually violent offense was the sole basis for the allegation under s. 980.02(2)(a) but there are other judgments relating to a sexually violent offense committed by the person that have not been reversed, set aside, or vacated, or if the sexually violent offense was not the sole basis for the allegation under s. 980.02(2)(a), the court shall determine whether to grant the person a new trial under s. 980.05 because the reversal, setting aside, or vacating of the judgment for the sexually violent offense would probably change the result of the trial.

(Emphasis added.) This statute applies to a person who has been committed under Wis. Stat. § 980.06. Spaeth has not been so committed.

19

not render the state's ongoing efforts to advance a Chapter 980 petition noncompliant with the statute. Instead, it acknowledges that the committed person may no longer fit the definition of a sexually violent person and allows the court to consider whether a new trial is necessary. Thus, that section has no bearing here.

¶86 The majority also cites Carpenter and State v. Virlee, 2003 WI App 4, 259 Wis. 2d 718, 657 N.W.2d 106.

¶87 In Carpenter, the defendant was paroled in 1993. Carpenter, 197 Wis. 2d at 260, 275. After the parole, the DOC recalculated Carpenter's mandatory release date based on a court of appeals decision and reincarcerated him. Id. This court later reversed that court of appeals decision and ordered that prisoners incarcerated due to that decision be released by July 15, 1994; Carpenter was not released because the state filed a Chapter 980 petition on July 14, 1994. Id. at 260. Carpenter argued that his original release date in 1993 was the date that applied to the 90-day requirement for filing a Chapter 980 petition and that the State filed the petition too late. Id. at 275. This court determined that because DOC recalculated the parole date, Carpenter was within 90 days of discharge when the state filed the Chapter 980 petition even though this court ultimately reversed the court of appeals decision that justified DOC's recalculation. Id.

¶88 Similarly, in the Virlee case, Virlee was initially set to be released from imprisonment for a sexually violent offense on December 24, 1999. Virlee, 259 Wis. 2d 718, ¶3. The state

20

filed a Chapter 980 petition on December 20. Id. The circuit court subsequently granted Virlee's motion for jail credit, which moved his mandatory release date up to November 14, over a month before the state filed the Chapter 980 petition. Id., ¶¶3-5. The court of appeals cited Carpenter and determined that "the trial court's subsequent modification of Virlee's sentence does not change the fact the State filed the petition within ninety days of his actual release from prison." Id., ¶18. Thus, it did not matter that Virlee had technically completed his sentence; the state complied with the statute by filing within 90 days of Virlee's release.

¶89 These cases are persuasive authority that courts may look at the sufficiency of a Chapter 980 petition at the time it was filed when the issue involves timing. In both cases, the state had no way of knowing that the time for filing the Chapter 980 petition was going to change. The petitions were valid when they were filed and when they were acted on.

¶90 This case is materially different. Action on any Chapter 980 petition for Spaeth is ahead of us, not behind us. The State must disregard its predicate offense because its original offense has been vacated. It must prove its case in two future hearings. It must prove a case that complies with the law.

¶91 The majority cites policy to support its position: "[I]f a later change in circumstances could invalidate a petition that was otherwise valid at the time of filing, the State would be at risk of losing its ability to commit a

21

sexually violent person through no fault of its own . . . ." Majority op., ¶33.  In this case, the majority cannot say with a straight face that the State is in its predicament "through no fault of its own."  We expect the State to follow the law.  It did not.

¶92  The majority seems unmoved by the fact that Spaeth has been in the custody of DHFS since November 2010 <u>without having been given any evidentiary hearing</u> and that his confinement from June 2007 until the reversal of his convictions was based almost entirely on illegally obtained evidence.

¶93 Chapter 980 has become a valuable component of Wisconsin law.  It should not be altered permanently because the government screwed up.

¶94  For the reasons stated, I respectfully dissent.

¶95  I am authorized to state that Chief Justice SHIRLEY S. ABRAHAMSON and Justice ANN WALSH BRADLEY join this dissent.

22